Argued and submitted October 30, 1991, affirmed February 26, reconsideration denied April 15, petition for review denied May 26, 1992 (313 Or 300)

STATE OF OREGON,
*Respondent,*

*v.*

DARREN LEE RIPKA,
*Appellant.*

(CM90-0765, CM90-0204;
CA A67701 (Control), A67702)
(Cases Consolidated)

827 P2d 189

Jad Lemhouse, Brownsville, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant seeks reversal of his conviction for theft in the first degree by receiving, ORS 164.015(5); ORS 164.095, or, alternatively, review of his sentence.[1] We affirm.

Defendant was charged with theft of property with a value greater than $500 after being found in possession of a mountain bicycle that had been stolen from a Corvallis sporting goods store. He claimed that he had bought it for $80 from a woman whom he did not know and that he believed the bicycle was worth about $200. The state tried the case on two theories: theft by taking or theft by receiving. His first trial ended in a mistrial. In a second trial, the jury found him guilty of theft by receiving.

■ Defendant's first assignment of error is that the trial court erred in failing to give his requested instruction that, in order to convict him of theft by receiving, the jury had to find beyond a reasonable doubt that he *actually* knew or believed that the bicycle was stolen. He relies on *State v. Thomas*, 13 Or App 164, 509 P2d 446 (1973), where we held that a defendant must have actual knowledge or belief that property is stolen before he can be convicted of theft by receiving, despite the language in ORS 164.095 "knowing or having good reason to know." Although we used "actual knowledge" in determining the required mental state, we do not agree that the case stands for the proposition that giving an instruction which does not include "actual" constitutes reversible error. We held that the statutory language "knowing or having good reason to know" in ORS 164.095 means the same thing as "knowing or having good reason to believe" in *former* ORS 165.045. The court instructed the jury here that it must find that defendant knew or believed that the property was stolen, not that "having good reason to know" would suffice. The court properly apprised the jury of the culpable mental state that it had to find in order to convict defendant.

■ We also reject defendant's claim that there was no evidence that he had the requisite mental state. There was evidence from which the jury could have concluded that

---

[1] Although the case purports to be a consolidated appeal, defendant challenges only the judgment in CM90-0765 (CA A67700).

defendant's story was fictitious and that the value of the bicycle exceeded $500.

Defendant assigns error to the sentence imposed under the guidelines. The trial court determined that he came within grid block 3 E, which has a presumptive probationary sentence. Pursuant to OAR 253-08-005,[2] the court imposed a dispositional departure of a six-month prison term with two years of post-prison supervision. The departure sentence was to be served consecutively to the prison term imposed on defendant's violation of probation on a burglary conviction.

Defendant argues, first, that the ranking of crime seriousness should have been 2 instead of 3. Under the guidelines, if a statutory offense includes a "broad range of criminal conduct," it may be classified. OAR 253-04-002(2). Theft is one such offense. OAR 253-04-002(2); App 3. Theft by receiving is in category 3; theft in the first degree is in category 2.

Defendant's position is that the accusatory instrument charged him with theft in the first degree of property worth more than $500 but gave no additional facts to allege the more serious subcategory of theft by receiving. He contends that that is in violation of ORS 135.711:

"For any felony committed on or after November 1, 1989, the accusatory instrument shall allege facts sufficient to constitute a crime or a specific subcategory of a crime in the Crime

---

[2] OAR 253-08-005 provides:

"(1) When a sentencing judge imposes a prison term as a dispositional departure, the term of incarceration shall be:

"(a) up to six months for offenses classified in Crime Categories 1 and 2, or grid blocks 3-G, 3-H and 3-I;

"(b) up to twelve months for offenses classified in grid blocks 3-A through 3-F, 4-C through 4-I, and 5-G through 5-I; and

"(c) up to eighteen months for offenses classified in grid blocks 5-F, 6-F through 6-I, and 7-F through 7-I.

"(2) When a sentencing judge imposes a prison term as a dispositional departure, the term of post-prison supervision shall be determined by the crime seriousness category of the most serious current crime of conviction as required by OAR 253-05-002.

"(3) Any sentence inconsistent with the provisions of this rule shall constitute an additional departure and shall require substantial and compelling reasons independent of the reasons given for the dispositional departure."

Seriousness Scale established by the rules of the State Sentencing Guidelines Board."

Defendant argues that the state's failure to follow ORS 135.711 deprived him of his constitutional right to know the nature of the crime with which he was charged and the possible punishment. Or Const, Art I, § 11.

The state argues that ORS 135.711 is intended only to require that an accusatory instrument allege facts that are sufficient to notify the accused of the seriousness of the offense charged under the guidelines and sufficient to identify the presumptive sentence for the offense. It contends, however, that the statute does not abrogate the rule of ORS 164.025[3] under which, except for the crime of theft by extortion, all conduct denominated theft constitutes a single offense and may be pleaded simply as theft.

■■ The state is correct that an accusatory instrument may charge theft without specifying the particular kind of theft committed, *see State v. Jim/White*, 13 Or App 201, 508 P2d 462, *rev den* (1973), and there was evidence from which the jury could find defendant guilty of theft by receiving. However, evidence, as such, cannot be the basis for enhancing a defendant's sentence, if the enhancing circumstance was not alleged. The subcategory circumstance describes the specific conduct with which a defendant is charged and determines the crime severity category. *State v. Moeller*, 105 Or App 434, 439, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991). The accusatory instrument here did not describe the subcategory of theft by receiving, and it was, therefore, error to rank defendant's conviction in category 3.

---

[3] ORS 164.025 provides:

"(1) Except for the crime of theft by extortion, conduct denominated theft under ORS 164.015 constitutes a single offense.

"(2) If it is an element of the crime charged that property was taken by extortion, an accusation of theft must so specify. In all other cases an accusation of theft is sufficient if it alleges that the defendant committed theft of property of the nature or value required for the commission of the crime charged without designating the particular way or manner in which the theft was committed.

"(3) Proof that the defendant engaged in conduct constituting theft as defined in ORS 164.015 is sufficient to support any indictment, information or complaint for theft other than one charging theft by extortion. An accusation of theft by extortion must be supported by proof establishing theft by extortion."

■     However, the error does not require remedial action. *State v. Tremillion,* 111 Or App 375, 826 P2d 95 (1992). Grid blocks 2 and 3 both involve presumptive probationary sentences, and under either the court could impose a dispositional departure sentence of prison incarceration. Defendant argues that, nonetheless, the court erred in the *length* of the sentence, because it would run consecutively to his prison term after the probation violation. He contends that he could be sentenced to only 90 custody units for a category 2 offense or 120 units for a category 3 offense.

Under the guidelines, consecutive sentences are governed by OAR 253-12-020[4] or, if a departure is involved, by OAR 253-08-007, in conjunction with OAR 253-12-020. OAR 253-08-007 provides:

"(1)   The court may depart from the presumptive limits established by OAR 253-12-020 for consecutive sentences only if the judge finds substantial and compelling reasons to impose a departure sentence for any individual offense being sentenced consecutively.

"(2)   Except as provided by section (3) of this rule, the sentencing judge shall comply with the provisions of OAR 253-08-001 to 253-08-006 when a departure sentence is imposed for an offense sentenced consecutively.

"(3)   When a departure sentence is imposed for any individual offense sentenced consecutively, the incarceration term of that departure sentence shall not exceed twice the maximum presumptive incarceration term that may be imposed for that offense as provided in OAR 253-12-020(2)(a)."

Subsection 3 does not apply here, because there is no "presumptive incarceration term" in a presumptive probationary sentence. There is only a limit on the number of days of jail time that *may* be imposed as a condition of probation, but which need not be imposed.

OAR 253-08-007(2) requires the court to comply with the provisions of OAR 253-08-001 to OAR 253-08-006 in imposing a consecutive departure sentence. Defendant

---

[4] Under OAR 253-12-020(2)(c), a consecutive sentence that is a probationary sentence is limited to "the maximum jail sentence that could be imposed as provided by these rules as part of the presumptive probationary sentence for that offense."

argues that, under OAR 253-08-007(2), his consecutive departure sentence must comply with OAR 253-08-006:

> "(1) A departure on the number of custody units imposed as part of a presumptive probationary sentence shall not total more than double the maximum number of custody units permitted as part of the presumptive sentence.
>
> "(2) Notwithstanding the provisions of section (1) of this rule, the maximum number of custody units that may be used to impose a jail term as part of the probationary sentence shall be limited to the maximum number of custody units included in the presumptive sentence as provided by OAR 253-05-011(2)."

That does not apply here. It addresses custody unit departures for imposition of jail terms. Defendant's sentence is a *dispositional* departure that imposes a *prison* term. OAR 253-08-005. The six-month prison term is not subject to OAR 253-08-007, OAR 253-12-020 or OAR 253-08-006. It *is* authorized under OAR 253-08-005.

Affirmed.