Argued and submitted July 24, affirmed November 12, 1992

STATE OF OREGON,
*Respondent,*

*v.*

KAREN LYNN TRACY,
*Appellant.*

(90P-3291; CA A71111)

840 P2d 1380

Garrett A. Richardson, Portland, argued the cause for appellant. With him on the brief was Multnomah Defenders, Portland.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Defendant was convicted of manslaughter in the first degree, ORS 163.118, and sentenced to a 65-month prison term. She was also convicted on two counts of criminal mistreatment, ORS 163.205, with presumptive probationary sentences in grid block 7-H. OAR 263-08-005(1) authorizes a dispositional departure of 18 months in prison for sentences in that grid block. The court imposed prison terms of 36 months on each mistreatment conviction.[1] Defendant challenges those sentences, arguing that the court did not have authority to impose a "durational departure on a dispositional departure from a presumptive probationary sentence."[2]

Defendant contends that the authority for durational departures under OAR 253-08-004(1), which permits the doubling of a presumptive term of incarceration, does not apply, because presumptive probationary sentences do not have presumptive incarceration terms. We have previously accepted that argument. *State v. Ripka*, 111 Or App 469, 827 P2d 189, *rev den* 313 Or 300 (1992). She also argues that OAR 253-08-005 does not authorize a durational departure. OAR 253-08-005 provides, in part:

"(1)    When a sentencing judge imposes a prison term as a dispositional departure, the term of incarceration shall be:

"* * * * *

"(c)    up to eighteen months for offenses classified in grid blocks 5-F, 6-F through 6-I, and 7-F through 7-I.

"* * * * *

"(3)    Any sentence inconsistent with the provisions of this rule shall constitute an additional departure and shall require substantial and compelling reasons independent of the reasons given for the dispositional departure."

Defendant argues that subsection (3) does not permit a "durational departure" from the incarceration term

---

[1] The sentence on one count is to be served concurrently with the manslaughter sentence, and sentence on the second is to be served consecutively.

[2] Although defendant did not object to the sentences, we address her argument. The judgment clearly imposes two departures on each sentence and, if her argument is correct, the error would be apparent on the face of the record. ORAP 5.45(2); *State v. Brown*, 310 Or 347, 800 P2d 259 (1990).

permitted under subsection (1). She contends that subsection (3) refers only

> "to dispositional departures which impose prison sentences in excess of OAR 253-08-005(1). It does not authorize additional durational departures."

Defendant's argument appears to be based wholly on the court's characterization of the additional departure as "durational." However, defendant does not dispute that OAR 253-08-005(3) authorizes sentences in excess of those set out in subsection (1). Although the court apparently treated the 18-month prison term authorized by OAR 253-08-005(1)(c) as a "presumptive" sentence that could be doubled under OAR 253-08-007(3), it did not have to set a sentence within those parameters.[3] *See State v. Ripka, supra.* That it did was not error.

We agree with the state that OAR 253-08-005(3) authorizes a sentence in excess of the initial term of a dispositional departure, so long as the additional departure is supported by aggravating circumstances that are substantial and compelling and that are different from the factors used to support the initial dispositional departure. The court here supported each departure with different aggravating factors. There was no error in the sentences.

■       Defendant also argues that the court erred in imposing 36-month terms of post-prison supervision on each of the criminal mistreatment convictions. The post-prison supervision term for her manslaughter conviction is 36 months. Because there is a single term of post-prison supervision for the sentences, there is no error that requires correcting. *State v. Enos*, 114 Or App 208, 836 P2d 1347 (1992); *State v. Markham*, 114 Or App 5, 836 P2d 1348 (1992).

Affirmed.

---

[3] The state correctly notes that the limits also complied with those for consecutive sentences under OAR 253-12-020.