Argued and submitted December 20, 1996, conviction affirmed; remanded for resentencing March 5, 1997

## STATE OF OREGON,
*Respondent,*

*v.*

## DARRELL FERRELL,
*Appellant.*

(9506-34290; CA A91957)

933 P2d 973

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Judith Brant, Assistant Attorney General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant was convicted of unauthorized use of a motor vehicle. ORS 164.135. Under Sentencing Guidelines grid block 3E, his presumptive sentence was 24 months' probation. The sentencing court found aggravating factors and sentenced defendant to 24 months' imprisonment. Defendant concedes that the sentencing court could lawfully depart from the presumptive sentence of probation and impose a prison term of 12 months. He challenges the additional 12 months' imprisonment, arguing that it is not supported by independent substantial and compelling reasons as required by OAR 253-08-005(3). We agree and remand for resentencing.

■       This court's role in reviewing departures from presumptive sentences is prescribed by ORS 138.222(3), which provides:

"In any appeal from a judgment of conviction imposing a sentence that departs from the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission, sentence review shall be limited to whether the sentencing court's findings of fact and *reasons justifying a departure* from the sentence prescribed by the rules of the Oregon Criminal Justice Commission:

"(a)   Are supported by the evidence in the record, and;

"(b)   Constitute substantial and compelling reasons for departure." (Emphasis supplied.)

Our review is of the sentencing court's factual basis and reasons for departing, not the decision whether to depart. *State v. Wilson*, 111 Or App 147, 149, 826 P2d 1010 (1992). In view of defendant's concession that the record reflects substantial and compelling reasons supporting the *dispositional* departure, we limit our review to determining whether the record supports the additional *durational* departure.

According to the "Judgment of Conviction and Sentence" and the sentencing court's remarks on the record, the court adopted the reasons for departure expressed in the Department of Corrections presentence investigation report.

The presentence investigation listed four aggravating factors.[1] Under the "Rationale/recommendation" section, the presentence investigation report states:

> "[Defendant] comes before the Court for sentencing for what is believed to be his 14th felony conviction. * * * Based upon his continued poor performance on supervision, there is little indication his pattern of criminal behavior is likely to change in the future. We note the aggravating factors in this case and conclude that there are substantial and compelling reasons for both a dispositional and durational departure in this matter. Therefore, after reviewing this case with other members of the presentence staff, we respectfully make the following recommendation to the Court for its consideration.

> "1.    24 months prison as a dispositional and durational departure * * *."

At sentencing, defendant objected to the presentence recommendation on the ground that the aggravating factors listed in the report justified the dispositional departure but not the additional durational departure. The sentencing court responded:

> "The reasons are articulated on pages 14 and 15 [of the report]. If your objection or concern is that in terms of differentiating between dispositional and durational departures they haven't stated which of the aggravating factors apply to which circumstance, I really am not aware that that is any kind of a requirement."

When imposing sentence, the court continued:

> "I will commit you to the legal and physical custody of the Oregon Corrections Division for a period of 24 months. The reasons for the substantial and compelling departure are stated on Pages 14 and 15 of the presentence report."

---

[1] The aggravating factors were:

"[1]  Persistent involvement in similar offenses * * *.

"[2]  The defendant was on community corrections supervision at the time of the instant offense.

"[3]  The defendant has failed to benefit from community corrections supervision.

"[4]  Sentencing Guidelines Crime Category 'E' fails to capture the seriousness of the defendant's criminal history."

■    When departing from a presumptive sentence, a sentencing court must find substantial and compelling reasons for doing so and must state those reasons on the record at the time of sentencing. OAR 253-08-001.[2] OAR 253-08-005(1)[3] governs the length of imprisonment that a sentencing court may impose when departing from a presumptive sentence of probation, which in defendant's case is 12 months' imprisonment. The sentencing court sentenced defendant to 24 months' imprisonment, twice the amount allowed by section 1 of the rule for dispositional departures. OAR 253-08-005(3) provides:

> "Any sentence inconsistent with the provisions of this rule shall constitute an additional departure and *shall require substantial and compelling reasons independent of the reasons given for the dispositional departure.* Such a sentence shall not exceed double the maximum duration set forth in section (1) of this rule." (Emphasis supplied.)

■    When read together, OAR 253-08-001 and OAR 253-08-005(3) require the sentencing court to state the substantial and compelling reasons for a dispositional departure and the *independent* substantial and compelling reasons for the further durational departure on the record. We are unable to determine which, if any, of the four aggravating factors listed in the presentence investigation the sentencing court relied on as an independent ground for the durational departure. Because the court did not comply with the applicable administrative rules, we are unable to determine whether the requirements of OAR 253-08-005(3) were met.

Conviction affirmed; remanded for resentencing.

---

[2] OAR 253-08-001 provides:

"Except as provided in OAR 253-05-006, the sentencing judge shall impose the presumptive sentence provided by the guidelines unless the judge finds substantial and compelling reasons to impose a departure. If the sentencing judge departs from the presumptive sentence, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure."

[3] OAR 253-08-005(1) provides, in part:

"(1) When a sentencing judge imposes a prison term as a dispositional departure, the term of incarceration shall be:

"* * * * *

"(b) Up to 12 months for offenses classified in grid blocks 3-A through 3-F, 4-C through 4-I, and 5-G through 5-I[.]"