Argued and submitted October 29, 1998, sentence vacated; remanded for
resentencing February 24, 1999

## STATE OF OREGON,
*Respondent,*

*v.*

## DERIK TODD BAGLEY,
*Appellant.*

## (97CR0674AB; CA A100687)

976 P2d 75

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Diane L. Alessi, Interim Public Defender.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Defendant pleaded guilty to unauthorized use of a vehicle (UUV), ORS 164.135. He had three prior convictions for UUV. His placement on the sentencing guidelines grid block was 3-C, with a presumptive sentence of two years' probation. However, based on ORS 137.717, which requires a mandatory minimum sentence of 13 months' incarceration for UUV with one prior conviction, and defendant's two additional prior convictions, the court imposed an 18-month sentence, with 24 months' post-prison supervision. Defendant appeals, assigning error to that sentence. We review for errors of law. ORS 138.222(4)(a).

1.     At the outset, the state contends that the argument defendant makes in support of the assignment of error was not preserved in the trial court, because defendant's only contentions below were that there was no presentence investigation and no findings of substantial and compelling reasons to justify a departure sentence. On appeal, defendant now argues that the trial court was required to find *two* independent substantial and compelling reasons to support the longer 18-month sentence under the sentencing guidelines. In support of its nonpreservation contention, the state relies on *Shields v. Campbell*, 277 Or 71, 77, 559 P2d 1275 (1977), where the court stated: "A party owes the trial court the obligation of a sound, clear and articulate motion, objection or exception, so as to permit the trial judge a chance to consider the legal contention or to correct an error already made."

However, in *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988), the Supreme Court explained that, although raising an issue at trial is essential to preserve a claim of error, identifying a source for a claimed position is less essential and making a particular argument is least important. The court admonished that "[e]fficient procedures are instruments for, not obstacles to, deciding the merits[.]" *Id.* at 188-89. Here, it was quite clear that the issue before the trial court was how ORS 137.717, a new statute, should be interpreted in conjunction with the sentencing guidelines when imposing a longer sentence than the one specified in ORS 137.717.

When the court announced the sentence, defense counsel asked whether the court was departing from the presumptive sentence, after which the exchange between the court and counsel proceeded as follows:

"THE COURT: What this has, it has set a minimum sentence on that, and I'm setting it at greater than that minimum based on the additional prior convictions, because this minimum sentence is based on one prior conviction. Of course, they don't tell us exactly whether or not that's departure, because of under the guidelines it would have been probation so I don't know how—

"[DEFENSE COUNSEL]: For the record let me except to the imposition of more than the sentence that is dictated by statute. In that (a) we don't have a presentence investigation which would be needed for an upward departure; we don't have findings of substantial and compelling reasons; and I recognize that the statute isn't particularly clear on that, but let me make that exception and maybe we'll find out.

"THE COURT: We'll find out. Basically, what I'll indicate here is the basis on House Bill 3488 and I've checked for persistent similar offenses but I'm making the conclusion which the Court of Appeals, of course, can tell me if I'm wrong, that this statute sets a minimum which gives me authority to go higher than that, but of course, they only changed one statute they didn't change the other one, so it may be effected by this; but you'll—Your objection will be noted for the record for any appeal purposes."

The above colloquy demonstrates that the trial court understood the issue and realized that it was in uncharted territory that needed clarification. At oral argument in this court, the state conceded that, in the trial court, no one was being "sand-bagged" and that "the court wasn't exactly sure how to get to the place where it wanted to be." We conclude that defendant's argument in the trial court was sufficient to preserve the sentencing issue for review in this court. We turn to the merits.

■　Defendant argues that, in order to impose a sentence longer than the 13 months specified in ORS 137.717(1), the trial court must do so under the sentencing guidelines, which require the court to find two independent aggravating factors

to support a sentence of 18 months' incarceration for a grid block 3-C offender.[1] Because the trial court found only one aggravating factor, defendant argues that it erred in imposing the 18-month sentence.

ORS 137.717 provides, in relevant part:

"(1)   When a court sentences a person convicted of:

"* * * * *

"(b)   Unauthorized use of a vehicle under ORS 164.135, possession of a stolen vehicle under ORS 819.300 or trafficking in stolen vehicles under ORS 819.310, the court shall sentence the person to a term of at least 13 months of incarceration if the person has:

"(A)   A previous conviction for either unauthorized use of a vehicle under ORS 164.135, robbery in the second degree under ORS 164.405, robbery in the first degree under ORS 164.415, possession of a stolen vehicle under ORS 819.300 or trafficking in stolen vehicles under ORS 819.310; * * *

"* * * * *

"(3)   The court may impose a sentence other than the sentence provided by subsection (1) of this section if the court imposes:

"(a)   A longer term of incarceration that is otherwise required or authorized by law; or

"(b)   A departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons."

ORS 137.717(1) requires the court to sentence a person convicted of UUV, who has a previous UUV conviction, to at least 13 months' imprisonment. Subsection (3) allows the court to impose a longer sentence if one of two conditions is met: (a) if a longer sentence is otherwise required or authorized by law, or (b) if it is authorized by the sentencing guidelines. Defendant points out that the court did not cite to a longer term of incarceration that is otherwise required by law

---

[1] One factor may support a dispositional departure from the presumptive guidelines probation sentence, and another must support the durational departure. *State v. Tracy*, 116 Or App 329, 840 P2d 1380 (1992).

under subsection (a), and the state does not suggest that the court's sentence fell under that option. Therefore, we turn to subsection (3)(b), which allows for "[a] departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons."

The presumptive guideline sentence for a category 3-C offender is two years' probation. OAR 213-005-0008(1)(b).[2] The maximum dispositional departure sentence authorized by the sentencing guidelines for a category 3-C offender is 12 months. OAR 213-008-0005(1)(b). Defendant argues correctly that to impose a sentence of 18 months' imprisonment for a 3-C offender under the guidelines, a court must impose both a dispositional and a durational departure, requiring two different substantial and compelling aggravating factors. OAR 213-008-0005(3); *State v. Ferrell*, 146 Or App 638, 642, 933 P2d 973 (1997); *State v. Tracy*, 116 Or App 329, 332, 840 P2d 1380 (1992) ("OAR [213-008-0005(3)] authorizes a sentence in excess of the initial term of dispositional departure, so long as the additional departure is supported by aggravating circumstances that are substantial and compelling and that are different from the factors used to support the initial dispositional departure."). The trial court here cited only one aggravating factor, defendant's persistent involvement in the same or similar type of offense. OAR 213-008-0002(1)(b)(D). Thus, defendant's position is that, because the trial court found only one aggravating factor in this case and not the two independent factors required by the sentencing guidelines to impose a sentence longer than 12 months for a 3-C offender, it may not depart from the 13-month sentence prescribed by ORS 137.717.

The state suggests that the mandatory minimum sentence of 13 months' incarceration under ORS 137.717 may, in effect, create a new presumptive prison sentence for offenses committed by persons to whom the statute applies. It then argues that the court would only need a single aggravating factor (defendant's other two previous UUV convictions) to support a durational departure (of five additional

---

[2] We cite the current OAR numbers. Both parties employ a variety of numbering systems in their briefs.

months), because the new presumptive sentence already includes incarceration. Alternatively, the state suggests that ORS 137.717 may be interpreted as establishing a new departure factor in addition to those enumerated by OAR 213-008-0002(1), *i.e.,* one prior conviction is, as a matter of law, a substantial and compelling reason to depart dispositionally from the presumptive prison sentence, and, if the court finds further substantial and compelling reasons, such as persistent involvement in similar offenses, it may also depart durationally, up to 24 months' imprisonment under OAR 213-008-0005(3).

However, neither of the interpretations proposed by the state is supported by the text of the statute. ORS 137.717 does not say anything about creating a new presumptive sentence or a new departure factor. It only says that the court may impose a longer sentence than that prescribed in subsection (1) if it imposes a "departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons." ORS 137.717(3). That implies, as defendant suggests, that the court may revert to the guidelines if they allow a longer sentence than that prescribed in subsection (1).

The state's suggestion that ORS 137.717 be read as an amendment of the sentencing guidelines by either creating a new presumptive sentence or establishing a new departure factor leaves many unanswered questions as to how the legislature intended the statute and the rules to interact. For instance, would the 200 percent rule apply to cases falling under the statute? The state's interpretation would require extensive litigation to work out the details of such interaction. Defendant's interpretation, on the other hand, simply refers the court to the sentencing guidelines already in existence, with its own complete set of rules and interpretations. By specifically referring to the rules of the Oregon Criminal Justice Commission only in subsection (3)(b), the legislature made it clear that a court may look to those rules *independently* of ORS 137.717 if the rules allow for a longer sentence.[3]

---

[3] Because we find that the legislature's intent is clear from the text and context of ORS 137.717, we do not need to reach the legislative history. *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-11, 859 P2d 1143 (1993).

■ The state's final argument is that, because defendant was on probation or parole at the time of the offense, the trial court could have found two substantial and compelling reasons for departure under the guidelines if it had been aware that it had to do so to impose the sentence that it felt was appropriate. The state claims that, because the trial court could have made those findings, we should affirm the 18-month sentence. However, what the trial court could have found is beside the point. The trial court only found one aggravating factor in this case.

We agree with defendant that to impose a sentence longer than the 13 months specified in ORS 137.717(1), the trial court had to do so under the sentencing guidelines. The guidelines require a finding of two independent substantial and compelling reasons to impose a sentence of 18 months' incarceration for a grid block 3-C offender. The trial court found only one aggravating factor. Because the guidelines do not permit a longer sentence than the 13-month statutory minimum in this case, defendant's 18-month sentence must be vacated and remanded for resentencing to 13 months' incarceration under ORS 137.717.

Sentence vacated; remanded for resentencing to 13 months' incarceration under ORS 137.717.