Argued and submitted May 29, affirmed October 23, appellant's petition for
reconsideration filed November 20 and respondent's response to petition filed
November 25 allowed by opinion December 26, 2002
See 185 Or App 491 (2002)

## STATE OF OREGON,
*Respondent,*

*v.*

## RANDY GENE McCORMICK,
*Appellant.*

## 98-08-36801; A109115

56 P3d 482

Susan F. Drake, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was charged with murder and convicted of the lesser-included offense of criminally negligent homicide. On appeal, he contends that the trial court erred in instructing the jury on the lesser-included offense. He also contends that the trial court erred in excluding evidence of the victim's prior bad acts and in imposing a sentence that exceeds the statutory maximum. We affirm.

We begin with the contention that the trial court should not have given the instruction on the lesser-included offense, stating the facts in the light most favorable to the party seeking the instruction, that is, the state. *State v. Taylor*, 123 Or App 343, 346, 858 P2d 1358 (1993). On a Friday night, defendant worked a swing shift and got off work at approximately 11:00 p.m. He went to a bar, where he had several drinks. At approximately 1:30 a.m., Cheryl Steinkellner, defendant's girlfriend, came into the bar and sat with defendant. Steinkellner told defendant about an altercation with Scott Spicer, her former boyfriend, that had taken place earlier that evening.

Steinkellner later left the bar, and defendant followed her home. At Steinkellner's house, the two had more to drink. While they were at the house, Spicer called several times. Defendant eventually went to his own apartment, retrieved his gun, and returned to Steinkellner's house. He wanted to use the gun to intimidate Spicer.

Shortly after defendant returned, at approximately 3:00 a.m., Spicer showed up at Steinkellner's house. Defendant saw Spicer and told him that he had a gun. Defendant then raised the gun and pulled the trigger. He did not know that he had shot Spicer in the chest. After he fired the gun, he yelled at Spicer, "Do you want to play anymore"? Spicer said, "No," and walked back to his car, where he fell and, shortly thereafter, died.

Defendant was charged with murder. At trial, defendant asserted a defense of self-defense. The state proposed instructing the jury on the lesser-included offense of criminally negligent homicide. Defendant agreed that criminally

negligent homicide is a lesser-included offense of murder, but insisted that the evidence did not support the delivery of an instruction on the lesser-included offense in this case. The trial court delivered the instruction on criminally negligent homicide, and defendant was convicted on that charge. The trial court sentenced defendant under the five-year gun minimum, ORS 161.610, with three years of post-prison supervision.

On appeal, defendant argues that, because the evidence shows that he pulled the trigger intentionally, it was inappropriate to deliver an instruction on criminally negligent homicide. The state argues that the fact that defendant intentionally pulled the trigger does not necessarily preclude a conviction for criminally negligent homicide. According to the state, the evidence was sufficient to establish that defendant fired the gun only to intimidate Spicer and that defendant had no intention of hitting Spicer at all, particularly in light of the fact that defendant's thought processes were impaired by alcohol and fatigue.

■    ORS 136.465 provides:

> "In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument or of an attempt to commit such crime."

Either the state or a defendant may request a jury instruction on a lesser-included offense. *State v. Naylor*, 291 Or 191, 195, 629 P2d 1308 (1981). A party has a right to such an instruction "if a rational juror could conclude that, based on the evidence as to a disputed fact, the defendant was not guilty of the greater offense but was guilty of the lesser offense." *State v. Isom*, 313 Or 391, 407, 837 P2d 491 (1992).

In this case, there is no debate that criminally negligent homicide is a lesser-included offense of murder. *State v. Goldsberry*, 30 Or App 1087, 1090, 569 P2d 646 (1977), *rev den*, 281 Or 99 (1978). The only question is whether a rational juror could conclude that defendant was not guilty of murder but was guilty of criminally negligent homicide. Defendant argues that, while a rational juror could conclude that he was not guilty of murder, he or she could not conclude

that he was guilty of criminally negligent homicide because the undisputed evidence of his intentional state of mind would bar such a conclusion.

ORS 163.115(1)(a) provides that criminal homicide constitutes murder when it is committed "intentionally." The word "intentionally," when used with respect to a result or to conduct described by a statute defining an offense, is defined as "a conscious objective to cause the result or to engage in the conduct so described." ORS 161.085(7). Homicide is "criminally negligent" if,

> "when used with respect to a result or to a circumstance described by a statute defining an offense, * * * a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

ORS 161.085(10).

■ In this case, there was evidence that defendant did not intend to shoot Spicer, much less intend to kill Spicer. He did not know where the bullet went. Indeed, he continued to yell at Spicer after the gun had been fired. Defendant had been drinking and was fatigued. He recalls intending to intimidate Spicer, not to shoot him. That evidence could lead a rational juror to conclude that defendant was not guilty of murder because he lacked the requisite intent to kill Spicer. It also could lead a rational juror to conclude that defendant was guilty of criminally negligent homicide, because he fired a gun without taking care where it was pointed and, because of his condition, was not aware of the risk of shooting Spicer. The fact that defendant intended to pull the trigger is beside the point. The focus of the statute is not on defendant's state of mind in pulling the trigger but, rather, on his state of mind as to the risks of harm that result from that act. We therefore conclude that the trial court did not err in delivering the instruction on the lesser-included offense.

■ Defendant also contends that the trial court erred in excluding evidence of Spicer's prior bad acts, specifically, testimony of Steinkellner and three other individuals that

Spicer had a history of violence. According to defendant, the evidence is admissible under OEC 404(3) as evidence of Spicer's motive, means, or intent. The state responds that *Spicer's* motive, means, or intent is not relevant to any issue in the case. We agree with the state and reject defendant's contention without further discussion.

■     Finally, defendant argues that the trial court erred in imposing a sentence of five years in prison with three years of post-prison supervision. He argues that the total duration of his sentence cannot exceed five years, which, under ORS 161.605, is the statutory maximum indeterminate sentence for a felony. The state argues that defendant failed to preserve the argument and that, in any event, the gun-minimum sentence required by ORS 161.610 is a special mandatory minimum statutory sentence that is not subject to the durational limitations of ORS 161.605. Defendant concedes that he did not preserve the issue, but argues that it may be reviewed as plain error.

We conclude that the issue was not preserved and is not plain error. We therefore decline to address it for the first time on appeal.

Affirmed.