On appellant's petition for reconsideration filed November 20; respondent's response to petition filed November 25, petition for reconsideration allowed; opinion (184 Or App 455, 56 P3d 482 (2002)) adhered to as modified; sentence vacated and remanded for resentencing; otherwise affirmed December 26, 2002, petition for review denied April 15, 2003 (335 Or 391)

## STATE OF OREGON,
*Respondent,*

*v.*

## RANDY GENE MCCORMICK,
*Appellant.*

98-08-36801; A109115

60 P3d 1089

David E. Groom, Acting Executive Director, Office of Public Defense Services, and Susan F. Drake, Deputy Public Defender, for petition.

Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General, and David J. Amesbury, Assistant Attorney General, *contra.*

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant petitions for reconsideration of our decision affirming his conviction and sentence for criminally negligent homicide. *State v. McCormick*, 184 Or App 455, 56 P3d 482 (2002). Among other things, he challenges our decision not to review the imposition of a sentence of five years' imprisonment with three years of post-prison supervision, which he contends violates ORS 161.605 and was plain error that is reviewable notwithstanding his failure to raise the issue at trial.

The state responds that, in *State v. Layton*, 163 Or App 37, 41, 986 P2d 1221 (1999), *rev den*, 330 Or 252 (2000), we rejected the very same argument and held that an asserted violation of ORS 161.605 is not plain error. Defendant replies that, in *Layton v. Hall*, 181 Or App 581, 589-90, 47 P3d 898 (2002), however, we held that the imposition of a term of post-prison supervision in addition to a five-year term of imprisonment violates ORS 161.605, which establishes a five-year maximum indeterminate sentence for the relevant offense. The state acknowledges that, under that more recent decision, the sentence in this case is erroneous, but it insists that the error is not reviewable because it was not plain *at the time it was committed*. The state further acknowledges that our recent decision in *State v. Jury*, 185 Or App 132, 57 P3d 970 (2002)—decided after we issued our opinion in this case—is to the contrary, but suggests that *Jury* was wrongly decided.

We decline to reconsider *Jury*. Under the rule of that decision, the sentence in this case amounts to plain error.

Defendant also contends that we erred in rejecting his challenge to the sufficiency of the evidence. We reject that contention without discussion.

Petition for reconsideration allowed; opinion adhered to as modified; sentence vacated and remanded for resentencing; otherwise affirmed.