Submitted on record and briefs July 15, sentences vacated; remanded for resentencing; otherwise affirmed August 17, 2005

STATE OF OREGON,
*Respondent,*

*v.*

RON EARL MUNION,
*Appellant.*

20-02-18257; A121227

118 P3d 278

Patrick M. Ebbett and Chilton, Ebbett & Rohr, LLC filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Elizabeth A. Gordon, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Linder, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted on three counts of sexual abuse in the second degree, which is a Class C felony. ORS 163.425. He received an upward departure sentence of 72 months on one of the counts based in part on a finding of persistent involvement in similar offenses. Defendant makes two challenges to the upward departure sentence, both of which are well taken.

First, defendant argues that the 72-month sentence is unlawful because it exceeds the statutory maximum indeterminate sentence of five years for a Class C felony. ORS 161.605; OAR 213-008-0003(2). Defendant is correct. Although the error is unpreserved, we conclude that it is apparent on the face of the record. *See State v. McCormick*, 184 Or App 455, 56 P3d 482, *modified on recons*, 185 Or App 491, 60 P3d 1089 (2002), *rev den*, 335 Or 391 (2003) (concluding that similar sentencing error was apparent on the face of the record). Defendant also argues that the imposition of the departure sentence violated the rule of law announced in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), that sentencing departure factors other than facts of prior conviction or facts admitted by the defendant must be found by the jury. Again, although the error is unpreserved, we have held that such error is apparent on the face of the record. *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005). For the reason set forth in *Perez*, we exercise our discretion to correct these sentencing errors.

Sentences vacated; remanded for resentencing; otherwise affirmed.