**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kolby Jack GARRISON, Defendant–
Appellant.**

No. 06–30132.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Dec. 5, 2006.

Frank R. Papagni, Jr., Esq., Office of the U.S. Attorney, Eugene, OR, for Plaintiff–Appellee.

Terri Wood, Esq., Eugene, OR, for Defendant–Appellant.

Before: GOODWIN, FISHER, and SMITH, Circuit Judges.

MEMORANDUM *

Under our case law, whether a predicate state conviction is "punishable by imprisonment for a term exceeding one year" for purposes of 18 U.S.C. § 922(g)(1) is determined by "the potential maximum sentence defined by the applicable state criminal statute," not the maximum sentence which could have been imposed under the state's sentencing guidelines against the particular defendant for his prior relevant crime. *United States v. Murillo*, 422 F.3d 1152, 1155 (9th Cir.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 1928, 164 L.Ed.2d 677

* This disposition is not appropriate for publication and may not be cited to or by the courts

(2006). In this case Oregon statutes prescribe a potential term of imprisonment exceeding one year for Garrison's underlying convictions. *See* OR. REV. STAT. § 161.605.

Moreover, under the Oregon Sentencing Guidelines, Garrison's unlawful delivery conviction is punishable by a term of imprisonment exceeding one year, independent of the statutes defining the crime. *See* OR. ADMIN. R. 213–008–0005(1)(b), (3); *see also State v. Bagley*, 158 Or.App. 589, 976 P.2d 75, 77–78 (1999). The district court did not err in denying Garrison's motion to dismiss the indictment.

The district court correctly calculated Garrison's offense level and criminal history score, consulted the appropriate guidelines sentencing range, considered the relevant factors set out in 18 U.S.C. § 3553, and imposed a reasonable sentence.

**AFFIRMED.**

of this circuit except as provided by 9th Cir. R. 36–3.