Submitted on record and briefs January 16, in Case 001239972, sentences vacated; remanded for resentencing; otherwise affirmed; in Case 020533136, affirmed May 2, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DASAY LAMONT HOLLINQUEST,
aka Dasay Lamonte Hollingquest,
*Defendant-Appellant.*

Multnomah County Circuit Court
001239972, 020533136; A120498 (Control), A120499

157 P3d 1238

James N. Varner filed the briefs for appellant.

Dasay L. Hollinquest filed the supplemental brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Schuman and Rosenblum, Judges.

PER CURIAM

.

## PER CURIAM

Defendant was convicted of first-degree manslaughter, ORS 163.118, and felon in possession of a firearm, ORS 166.270. On appeal, defendant makes two arguments concerning the sentence he received on the manslaughter conviction, and, in a *pro se* supplemental brief, challenges the sufficiency of the evidence to support the manslaughter conviction.[1] We reject without discussion the challenge to the sufficiency of the evidence. Regarding the sentencing issues, we need only reach one of those issues, because we conclude that an error apparent on the face of the record entitles defendant to resentencing.

■  On the manslaughter conviction, the trial court imposed a sentence of 240 months, or 20 years, as an upward departure sentence, and further provided that defendant was to serve "a period of post-prison supervision for 36 months" on that conviction. Manslaughter in the first degree is a Class A felony. ORS 163.118. The maximum indeterminate sentence that a defendant may be required to serve for a Class A felony is 20 years. ORS 161.605. In *State v. McCormick*, 185 Or App 491, 60 P3d 1089 (2002), *rev den*, 335 Or 391 (2003), we concluded that the imposition of a term of post-prison supervision in addition to an incarceration term that already equaled the maximum permitted under ORS 161.605 constituted plain error.

■  The state concedes that the present case presents the same type of error we addressed in *McCormick*. The state urges, however, that this court should not correct the plain error because it views the error as essentially harmless. The state notes that a 24-month term of post-prison supervision was imposed in Case 020533136, which defendant does not challenge on appeal, and cites *State v. Tracy*, 116 Or App 329, 840 P2d 1380 (1992), for the proposition that, because there is a single term of post-prison supervision for the sentences, error as to one of the terms of post-prison supervision does not require correction.

---

[1] Defendant's appeal actually concerns two separate criminal judgments. He makes no assignment of error pertaining to his conviction in Multnomah County Circuit Court Case 020533136, however.

Although the state is correct that defendant will ultimately serve only one term of post-prison supervision for all of his offenses, *see* OAR 213-012-0040, the state's reliance on *Tracy* is misplaced. In that case, we rejected the defendant's challenges to the imposition of certain post-prison supervision terms because she did not challenge a post-prison supervision term *of the same length* on a different conviction. 116 Or App at 332. Here, by contrast, defendant challenges an erroneously imposed 36-month post-prison supervision term, while the post-prison supervision term on the unchallenged conviction is only 24 months. Thus, we conclude that the error is of sufficient gravity to warrant correction, because it affects the length of time defendant will spend on post-prison supervision.

In Case 001239972, sentences vacated; remanded for resentencing; otherwise affirmed. In Case 020533136, affirmed.