Submitted on record and briefs October 19, conviction affirmed; remanded for resentencing November 28, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ERIC LESLIE WIERSON,
*Defendant-Appellant.*

Washington County Circuit Court
C053516CR; A131681

172 P3d 281

James N. Varner filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of attempted assault in the second degree, ORS 163.175, and was sentenced to a prison term of 27 months, followed by three years of post-prison supervision. On appeal, defendant argues that the court erred in imposing a sentence in violation of OAR 213-005-0002(4), which provides that a "term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crimes of conviction." Because the crime of conviction is a Class C felony, the maximum indeterminate sentence is five years. ORS 161.605(3). Therefore, defendant reasons, his sentence, which, including post-prison supervision, totals 63 months, exceeds the maximum by three months.

Although defendant did not preserve the error in the trial court, he asserts that the error is apparent on the face of the record, and urges this court to exercise its discretion to correct it. *See State v. McCormick*, 185 Or App 491, 60 P3d 1089 (2002), *rev den*, 335 Or 391 (2003) (correcting similar error). The state concedes that the error is apparent on the face of the record, but argues that this court should not exercise its discretion to correct it because it means, at most, that defendant will serve an additional three months of post-prison supervision. Because the state has no valid interest in having defendant serve an unlawful sentence, we choose to exercise our discretion to address the error.

Conviction affirmed; remanded for resentencing.