Submitted July 28, remanded for resentencing; otherwise affirmed
August 26, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## AINER WILLIAMS,
*Defendant-Appellant.*

Marion County Circuit Court
07C43720; A137936

215 P3d 930

Peter Gartlan, Chief Defender, Appellate Division, and Meredith Allen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Rene C. Holmes, Senior Assistant Attorney General, filed the brief for respondent.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

PER CURIAM

## PER CURIAM

Following defendant's conviction on multiple counts of criminal mistreatment in the first degree, ORS 163.205, the trial court imposed three consecutive sentences of 60 months' incarceration and 36 months' post-prison supervision. Defendant appeals, arguing that the sentences violate OAR 213-005-0002(4), which provides that "[t]he term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction." Defendant points out that, under ORS 161.605(3), the maximum indeterminate sentence for first-degree criminal mistreatment, a Class C felony, is 60 months.[1] Defendant acknowledges that she failed to raise the issue before the trial court, but she argues that the error is apparent on the face of the record.

The state concedes that the court erred in imposing total sentences of 96 months. The state also concedes that we have previously found the same error to be apparent on the face of the record and have exercised our discretion to correct it. *See, e.g., State v. Wierson,* 216 Or App 318, 172 P3d 281 (2007); *State v. Remme,* 173 Or App 546, 565-66, 23 P3d 374 (2001).

We conclude that the state's concessions are well taken and, for the reasons stated in *Wierson* and *Remme,* exercise our discretion to correct the error.

Remanded for resentencing; otherwise affirmed.

---

[1] Defendant argues that the trial court is required to reduce the term of post-prison supervision to zero months. The state contends that the court may provide in the judgment that the term of post-prison supervision shall commence upon defendant's release from prison and end 60 months after the commencement of the sentence. We leave it to the trial court to resolve that issue in the first instance on remand.