Submitted October 26, remanded for resentencing; otherwise affirmed November 25, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH PHILLIP HYMAN, JR.,
*Defendant-Appellant.*

Washington County Circuit Court
C072268CR; A137971

221 P3d 832

Peter Gartlan, Chief Defender, Appellate Division, and Joshua B. Crowther, Senior Deputy Public Defender, Office of Public Defense Services.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals from a judgment of conviction for felon in possession of a firearm, ORS 166.270(1), and possession of methamphetamine, ORS 475.894. He argues that the trial court erred in (1) denying his motion for a judgment of acquittal on the felon in possession of a firearm count; and (2) imposing a 42-month term of incarceration followed by a 36-month term of post-prison supervision on that count in violation of OAR 213-005-0002(4), which provides that "[t]he term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction."

We reject defendant's first assignment of error without discussion. Defendant acknowledges that his second assignment of error is unpreserved, but argues that it is reviewable as error apparent on the face of the record. ORAP 5.45(1). As defendant points out, the maximum indeterminate sentence for felon in possession of a firearm, a Class C felony, is 60 months, ORS 161.605(3); hence, the sentence imposed by the trial court exceeds the maximum allowable by 18 months.

The state concedes that the trial court's imposition of a 78-month total sentence constitutes reversible error and that we have previously exercised our discretion to correct the same error. *See, e.g., State v. Stankewitz*, 195 Or App 411, 97 P3d 695 (2004); *State v. McCormick*, 185 Or App 491, 60 P3d 1089 (2002), *rev den*, 335 Or 391 (2003). We conclude that the state's concessions are well founded and, for the reasons stated in *State v. Wierson*, 216 Or App 318, 172 P3d 281 (2007), exercise our discretion to correct the error.

Remanded for resentencing; otherwise affirmed.