## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## COLTON LAMAR CALHOUN,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF030497; A128803

280 P3d 1045

Bear Wilner-Nugent argued the cause and filed the brief for appellant.

Susan G. Howe, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Haselton, Chief Judge, and Edmonds, Senior Judge.

PER CURIAM

**PER CURIAM**

Following trial, a jury found defendant guilty of first-degree rape, ORS 163.375, second-degree sexual abuse, ORS 163.425, and third-degree sexual abuse, ORS 163.415. Based on that verdict, the trial court entered a judgment convicting defendant of those charges. Defendant appeals that judgment and raises three assignments of error. We reject without discussion defendant's first assignment of error, in which he contends that the trial court erred when it excluded testimony concerning the victim's alleged history of making false accusations of sexual abuse. In his second assignment of error, defendant asserts that the trial court erred in failing to merge the guilty verdict for second-degree sexual abuse with the guilty verdict for first-degree rape. *See* ORS 161.067(1). Additionally, in a third assignment of error, he argues that the trial court committed plain error in imposing a sentence that, when considering both the incarceration and post-prison supervision terms, is unlawful in length. *See* ORS 144.103; OAR 213-005-0002(4); *State v. Hyman*, 232 Or App 276, 221 P3d 832 (2009); *State v. Wierson*, 216 Or App 318, 172 P3d 281 (2007). The state concedes that defendant is correct with respect to both the second and third assignments of error. We conclude that the state's concessions are well founded and, for the reason expressed in *Wierson*, exercise our discretion to address the plain error. *See* 216 Or App at 319.

Reversed and remanded with instruction to merge guilty verdicts for first-degree rape and second-degree sexual abuse into a single conviction for first-degree rape; remanded for resentencing; otherwise affirmed.