Submitted August 5; remanded for resentencing, otherwise affirmed
September 16, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SIERRA MARIE SHOOP,
*Defendant-Appellant.*

Washington County Circuit Court
18CR55352; A169741

473 P3d 145

D. Charles Bailey, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah Laidlaw, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction for attempted second-degree assault (Count 1), two counts of failure to perform the duties of a driver to injured persons (Counts 2 and 5), and failure to perform the duties of a driver for property damage (Count 8). Among other terms, the trial court sentenced defendant to 36 months of prison and 36 months of post-prison supervision (PPS) on Count 1 and imposed $5,496 in restitution. On appeal, defendant challenges her sentence on Count 1 and the amount of restitution. We affirm without discussion the restitution award.

As to the challenge to PPS, defendant argues that the trial court erred in imposing a sentence in violation of OAR 213-005-0002(4), which provides that "[t]he term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction." Because the crime of conviction for Count 1 is a Class C felony, ORS 161.405, the maximum indeterminate sentence is five years (60 months), ORS 161.605(3). Here, the court imposed a total sentence of 72 months, which exceeds the statutory maximum. Defendant acknowledges that she did not preserve her claim of error, but requests that we review it as plain error and exercise our discretion to correct it. The state concedes that the court committed plain error.

We agree with the parties and accept the state's concession that the trial court plainly erred in imposing a total sentence that exceeded 60 months on Count 1. *See, e.g.*, *State v. Weirson*, 216 Or App 318, 319, 172 P3d 281 (2007) (court plainly erred in imposing a prison term and PPS term that totaled 63 months on a Class C felony). Additionally, "[b]ecause the state has no valid interest in having defendant serve an unlawful sentence, we choose to exercise our discretion to address the error." *Id*.

Remanded for resentencing; otherwise affirmed.