104 April 17, 2024 No. 244

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS DALE YOUNG,
*Defendant-Appellant.*

Lane County Circuit Court
21CR47653, 21CR62768, 22CR35457;
A179548 (Control), A179549, A179550

Jay A. McAlpin, Judge.

Submitted March 14, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this consolidated criminal appeal, defendant pleaded guilty to 19 criminal charges in three different cases (Case Nos. 21CR47653, 21CR62768, and 22CR35457). All three cases involved Class C felonies. In Case No. 21CR47653, defendant received 60-month prison sentences on second-degree burglary counts followed by 12 months of post-prison supervision (PPS) on each count, with the prison terms on two of those sentences to be served consecutively and the others served concurrently. In Case No. 21CR62768, defendant received 60 months in prison consecutive to the sentences in Case No. 21CR47653, followed by 12 months of PPS. And, in Case No. 22CR35457, defendant received 13- and 30-month prison sentences to run concurrently with the sentences in the other two cases, followed by 12 months of PPS.

On appeal, defendant advances two assignments of error. First, he argues that the trial court plainly erred by exceeding the statutory maximum sentence of 60 months for his burglary convictions when it imposed 12 months of PPS in addition to the 60-month prison terms in Case Nos. 21CR47653 and 21CR62768. Second, he argues that his aggregate prison term of 180 months in those cases is disproportionate under Article I, section 16, of the Oregon Constitution. For the reasons that follow, we affirm.

*Exceeding the statutory maximum sentence.* With regard to defendant's first assignment of error, the state concedes that the trial court's imposition of 12 months of PPS on the convictions in Case Nos. 21CR47653 and 21CR62768 was plainly erroneous; however, it argues that we should not exercise our discretion to correct the error, because it will have no practical effect on defendant in light of the fact that the court lawfully imposed 12-month PPS terms for the convictions in Case No. 22CR35457, which defendant does not challenge, and the PPS terms will merge after defendant is released from prison. OAR 213-012-0040(1) ("If the offender has been sentenced to multiple terms of [PPS], the terms of [PPS] shall be served as a single term."); *see State v. Tracy*, 116 Or App 329, 332, 840 P2d 1380 (1992) (concluding that a claimed error in imposing a PPS term did not

require reversal, because there was another unchallenged PPS term of the same length on a different conviction). We are not persuaded on this record that the court's erroneous imposition of the PPS terms will have a practical effect on defendant's rights, and we therefore decline to exercise our discretion to correct the error. *See State v. Allen*, 285 Or App 667, 669, 398 P3d 497, *rev den*, 361 Or 886 (2017) (explaining that, in determining whether to exercise discretion to correct a plain error involving a sentence, the court will consider, among other things, the role of other sentences in the case, the interests of the justice system in avoiding unnecessary, repetitive sentencing proceedings, and the gravity of the error).

*Proportionality.* As for defendant's second assignment, our case law forecloses his "aggregate sentence" proportionality argument. *See State v. Horner*, 306 Or App 402, 403-04, 474 P3d 394 (2020), *modified on recons*, 309 Or App 136, 481 P3d 442 (2021) (recognizing our decisions holding that "disproportionality challenges with respect to aggregate sentences imposed on convictions for multiple counts are not cognizable under Article I, section 16," but that the question remains an open one in the Supreme Court).

Affirmed.