Argued and submitted October 31, 2006, affirmed June 20, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHELLEY DAWN MALLORY,
*Defendant-Appellant.*

Lane County Circuit Court
200410150A; A126857

162 P3d 297

Jamesa J. Drake, Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Legal Services Division, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals from a judgment convicting her, based on her guilty pleas, of three counts of first-degree theft, ORS 164.055; four counts of identify theft, ORS 165.800; one count of unlawful factoring of a payment card transaction, ORS 165.074; one count of second-degree theft, ORS 164.045; one count of first-degree aggravated theft, ORS 164.057; one count of computer crime, ORS 164.377; and one count of first-degree forgery, ORS 165.013.

At defendant's sentencing hearing, the trial court first imposed sentence on one count each of first-degree theft, identity theft, unlawful factoring of a payment card transaction, second-degree theft, and first-degree aggravated theft. Thereafter, the court imposed presumptive 13-month repeat property offender sentences on the seven remaining counts pursuant to ORS 137.717. Defendant assigns error to the trial court's imposition of the repeat property offender sentences without submitting for decision by a jury the issue whether any predicate convictions arose out of the same conduct or criminal episode as the counts on which enhanced sentences were imposed. *See Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). We review under ORS 138.222(4)(a) to determine whether the sentencing court complied with the requirements of law in imposing the challenged sentences, and we affirm.

ORS 137.717 provides, in part:

"(1)   When a court sentences a person convicted of:

"* * * * *

"(b)   Theft in the first degree under ORS 164.055, unauthorized use of a vehicle under ORS 164.135, burglary in the second degree under ORS 164.215, criminal mischief in the first degree under ORS 164.365, computer crime under ORS 164.377, forgery in the first degree under ORS 165.013, identity theft under ORS 165.800, possession of a stolen vehicle under ORS 819.300 or trafficking in stolen vehicles under ORS 819.310, the presumptive sentence is 13 months of incarceration, unless the rules of the Oregon

Criminal Justice Commission prescribe a longer presumptive sentence, if the person has:

"(A)   A previous conviction for aggravated theft in the first degree under ORS 164.057, unauthorized use of a vehicle under ORS 164.135, burglary in the first degree under ORS 164.225, robbery in the second degree under ORS 164.405, robbery in the first degree under ORS 164.415, possession of a stolen vehicle under ORS 819.300 or trafficking in stolen vehicles under ORS 819.310;

"* * * * *

"(5)(a)   For a crime committed on or after November 1, 1989, a conviction is considered to have occurred upon the pronouncement of sentence in open court. However, when sentences are imposed for two or more convictions arising out of the same conduct or criminal episode, none of the convictions is considered to have occurred prior to any of the other convictions arising out of the same conduct or criminal episode.

"* * * * *

"(6)   For purposes of this section, previous convictions must be proven pursuant to ORS 137.079."[1]

ORS 137.717(1)(b)(A) authorizes a trial court to impose a presumptive sentence of 13 months' imprisonment on a conviction for a qualifying offense if the court finds that the defendant previously has been convicted of one of the predicate offenses listed in that paragraph, among which is first-degree aggravated theft. Count 9 in this case charged defendant with first-degree aggravated theft. Although a conviction arises on the pronouncement of a sentence in open court, "when sentences are imposed for two or more convictions arising out of the same conduct or criminal episode, none of the convictions is considered to have occurred prior to

---

[1] ORS 137.079(5)(c) provides:

"Prior to the date of sentencing, the defendant shall notify the district attorney and the court in writing of any error in the criminal history as set forth in the presentence report. Except to the extent that any disputed portion is later changed by agreement of the district attorney and defendant with the approval of the court, the state shall have the burden of proving by a preponderance of evidence any disputed part of the defendant's criminal history. The court shall allow the state reasonable time to produce evidence to meet its burden."

any of the other convictions arising out of the same conduct or criminal episode." ORS 137.717(5)(a). Accordingly, after defendant was sentenced on Count 9, that conviction could serve as a predicate offense for the purpose of imposing presumptive 13-month incarcerative sentences on defendant's later-sentenced convictions for crimes qualifying under ORS 137.717(1)(b), unless the later convictions arose out of the same conduct or criminal episode as Count 9.

The determination contemplated by ORS 137.717(5)(a) involves two separate questions: (1) whether two or more convictions exist and (2) if so, whether the convictions arose out of the same conduct or criminal episode. Defendant concedes that the first question, whether multiple convictions exist, can be determined by the trial court. However, defendant argues that the second question must be answered based on facts proved to a jury beyond a reasonable doubt under the Sixth Amendment to the United States Constitution.

■    The state first replies that defendant's argument on appeal was not preserved before the trial court. According to the state, defendant did not clearly argue to the trial court that a jury had to find that any predicate offense arose from a criminal episode separate from the offenses for which enhanced sentences were imposed, and defendant's claim is not reviewable because it was not preserved and does not involve plain error. At the sentencing hearing, in response to the state's recommendation that several of the counts be sentenced under ORS 137.717, defendant's counsel made the following objection:

> "[T]hat statute itself has a procedure for doing this which hasn't been followed, but even if that procedure were followed, the end result of it is that the court has to make findings on the record in order to sentence her under that statute, and I would argue that *Blakely* precludes that at this point in time, and that that shouldn't be done."

The trial court responded, "I don't think *Blakely* is applicable to [ORS] 137.717, but I understand your argument * * *." There was no further discussion of the subject.

A party asserting error generally must present the claim of error to the trial court before it can be considered on appeal. ORAP 5.45(4); *see generally State v. Hitz*, 307 Or 183,

188-89, 766 P2d 373 (1988). The purpose of the preservation rule is to ensure that the positions of the parties are presented so that the trial court is able to understand and avoid or correct the asserted error. *Id.*; *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). In light of that purpose, it is ordinarily essential to raise an issue before the trial court and progressively less important to identify a source for the position and make a particular argument. *Hitz*, 307 Or at 188.

The circumstances here are similar to those in *State v. Bagley*, 158 Or App 589, 591-92, 976 P2d 75 (1999). In *Bagley*, the defendant pleaded guilty and was sentenced under then-recently enacted ORS 137.717. When the defendant's counsel argued that "findings" were required to justify the imposition of an enhanced sentence under the statute, the sentencing court acknowledged that the issue was one of first impression but declined to make the requested findings. *Bagley*, 158 Or App at 592. On appeal, the defendant more specifically argued that the sentencing court needed to make two independent findings of fact, and the state raised a preservation issue. *Id.* at 591. We held that the issue, if not the precise argument, was adequately preserved for appeal. *Id.* at 592.

Here, defendant's counsel argued that a jury must make findings of fact under *Blakely* before imposition of an enhanced sentence under ORS 137.717. There is nothing vague or uncertain about the essential holding of *Blakely*: Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 542 US at 301. In this case, the only "fact" at issue under ORS 137.717 was whether one or more prior convictions and the crimes yet to be sentenced were part of the same criminal episode because, when defendant objected, she already had pleaded guilty to the prior convictions themselves. We take at face value the learned trial judge's statement that he understood defendant's argument. Nothing more was required to preserve that issue for appeal.

We turn to the merits of defendant's argument. As discussed, the Sixth Amendment requires that, other than

the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Blakely*, 542 US at 301; *Apprendi*, 530 US at 490.[2] The state argues that, even if *Apprendi* and *Blakely* apply to defendant's sentence, the "separate criminal episode" determination was proper because it categorically fell within the scope of the prior-conviction exception. The state alternatively argues that, under *Shepard v. United States*, 544 US 13, 125 S Ct 1254, 161 L Ed 2d 205 (2005), a sentencing court is authorized to make a "separate criminal episode" determination based on judicial records of a conviction. The state asserts that the record in this case was constitutionally adequate to permit the court to make the challenged finding.[3] As we now explain, the state's alternative argument is correct.

■ We begin with a discussion of the state's argument that the sentencing court's "separate criminal episode" determination was proper because it categorically fell within the scope of the prior-conviction exception. That exception to *Apprendi*'s general rule traces to *Almendarez-Torres v. United States*, 523 US 224, 118 S Ct 1219, 140 L Ed 2d 350 (1998). In that case, the defendant was convicted of the offense of being found in the United States after having been deported. *Id.* at 227. The offense carried a sentence of up to two years' imprisonment or 20 years' imprisonment if the deportation had been pursuant to convictions for aggravated felonies. *Id.* at 226. The defendant was sentenced to 85 months' imprisonment after admitting that he had prior convictions for aggravated felonies. He argued that his sentence violated his Fifth Amendment right to notice of the charges against him because the indictment charging him had not mentioned his earlier aggravated felony convictions. *Id.* at

---

[2] The Sixth Amendment provides, in part, that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury[.]"

[3] The state also argues that *Apprendi* is inapplicable to defendant's sentence for two additional reasons: (1) the "separate criminal episode" determination under ORS 137.717(5)(a) established the statutory maximum sentence rather than a sentence in excess of that maximum and (2) the "separate criminal episode" determination did not increase defendant's punishment. We do not reach those issues because, as explained below, we conclude that the trial court was authorized to decide whether defendant's conviction for first-degree aggravated theft was a prior conviction under ORS 137.717(5)(a).

227. The Court concluded that the fact of the defendant's prior convictions did not need to be alleged in the indictment, reasoning, in part, that recidivism is a "sentencing factor" rather than an "element" because it is a traditional basis on which sentencing courts increase sentences. *Id.* at 243.

In *State v. Yashin,* 199 Or App 511, 519-20, 112 P3d 331, *rev den,* 339 Or 407 (2005), we rejected an unpreserved claim of error that was similar in substance to the preserved claim that defendant makes here on the ground that the error, if any, was not plain. We explained:

> " 'The fact of a prior conviction' could mean, simply, the fact that a judgment of conviction has previously been entered against a defendant in a prior proceeding or earlier in the same proceeding. However, that is not the only plausible meaning of the phrase. The 'fact' of a prior conviction could encompass a subsidiary fact necessary to the determination that the conviction is one that may be used to increase later-imposed sentences—here, one that may be used to increase a defendant's criminal history under a sentencing scheme such as Oregon's sentencing guidelines. Granted, that interpretation may not be the most likely, but that is not the point of the discussion. The question, rather, is whether it is obviously wrong. This is a case of first impression involving difficult concepts. We cannot say beyond dispute that 'the fact of a prior conviction' excludes subsidiary fact-finding necessary to the determination that a conviction is, as a legal matter, usable for the purpose of increasing a sentence.

> "We acknowledge that allowing a sentencing court to find that two convictions arose out of separate criminal episodes may ultimately not be reconcilable with the rationale that *Apprendi* used to justify the prior conviction exception. The *Apprendi* Court attempted to square its holding with *Almendarez-Torres* by explaining that

>> " '[b]oth the certainty that procedural safeguards attached to any "fact" of prior conviction, and the reality that Almendarez-Torres did not challenge the accuracy of that "fact" in his case, mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a "fact" increasing punishment beyond the maximum of the statutory range.'

"*Apprendi*, 530 US at 488. Here, the procedural safeguards of a jury determination and proof beyond a reasonable doubt did not attach to the finding of facts necessary to determine the legal priority of defendant's sodomy conviction. However, defendant does not contend that those safeguards did not attach to the sodomy conviction itself. Assuming that the rationale on which we understand the prior conviction exception to be based will guide the Court's future applications of that exception, it appears arguable that the Court will not apply it to the ancillary determination whether an indisputedly prior conviction is usable, under a state's sentencing scheme, to increase a defendant's criminal history score. It is worth noting that *Apprendi* did not identify that rationale as its guiding principle, nor did it disavow the recidivism-is-a-traditional-sentencing-factor rationale identified in *Almendarez-Torres. See Apprendi*, 530 US at 488 (citing *Almendarez-Torres* and quoting from it the proposition that 'recidivism * * * is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence' (ellipsis in *Apprendi*))."

Thus, in *Yashin*, we recognized that it was uncertain whether a sentencing court's determination that convictions arose from separate criminal episodes falls within *Apprendi's* exception for "the fact of a prior conviction." 199 Or App at 520. However, as we now explain, we conclude that the Supreme Court probably would reject the state's argument that a separate criminal episode determination *categorically* falls within the scope of that exception.

In *Shepard*, the government sought to impose a sentence enhancement under the Armed Career Criminal Act (ACCA), 18 USC section 924, after the defendant pleaded guilty to the charged offense. The trial court refused to count the defendant's four prior convictions for burglary as predicates for imposition of an enhanced sentence. The issue before the Supreme Court was "whether a sentencing court can look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for generic burglary." *Shepard*, 544 US at 16 ("generic burglary" describes the type of burglary necessary to act as a predicate under the statute). The Court held "that a later court determining the character of an

admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* A plurality of the Court concluded that the disputed fact— that is, whether the prior conviction was for "generic burglary"—was "too far removed from the conclusive significance of a prior judicial record" to say that the judge was clearly authorized to resolve the dispute. *Id.* at 25.

The reasoning supporting the plurality conclusion, coupled with the rationale of *Apprendi*, suggest that the Court probably would reach a similar conclusion with respect to the issue whether multiple convictions arise from the same criminal episode, that is, unless the sentencing court were to limit its inquiry to approved sources of the prior and current judicial records. As noted, in attempting to square its holding with *Almendarez-Torres*, the court in *Apprendi* explained that

> "[b]oth the certainty that procedural safeguards attached to any 'fact' of prior conviction, and the reality that Almendarez-Torres did not challenge the accuracy of that 'fact' in his case, mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a 'fact' increasing punishment beyond the maximum of the statutory range."

*Apprendi*, 530 US at 488. The guidance that those distinctions provide for the present inquiry is two-fold.

The first point requires a threshold discussion of the meaning of the term "criminal episode." ORS 131.505(4) defines "criminal episode" as "continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective." We have explained that a criminal episode, as defined in ORS 131.505(4), "is synonymous with the phrase 'same act or transaction.'" *State v. Sparks*, 150 Or App 293, 297, 946 P2d 314 (1997), *rev den*, 326 Or 390 (1998) (citing *State v. Boyd*, 271 Or 558, 565-66, 533 P2d 795 (1975); *State v. Fitzgerald*, 267 Or 266, 273, 516 P2d 1280 (1973)). In *Fitzgerald*, regarding the phrase "same act or transaction,"

the court said, "We hold that the two charges arise out of the same act or transaction if they are so closely linked in time, place and circumstances that a complete account of one charge cannot be related without relating details of the other charge." *Id.* Thus, determining the scope of a single criminal episode involves a relational examination of time, place, and circumstance.

In the present context, irrespective of whether procedural safeguards attach to any "fact" of a prior conviction, a factfinder in a criminal case does not necessarily have the opportunity or responsibility to determine the scope of the criminal episode or episodes involved in the case. Stated differently, a factfinder in a criminal case often makes no finding of fact that conclusively determines the temporal, locational, and circumstantial scope of the episode at issue, because the determination of those matters is not necessary to adjudicate the defendant's guilt of a particular offense. Thus, for example, a factfinder's verdict that a defendant committed theft of property belonging to a particular victim on a particular date does not necessarily conclusively determine whether a separate conviction for a different theft from the same victim on the same date arose from the same criminal episode. To make that determination, it is necessary to consider the relationship of the crimes in time, place, and circumstance. A factfinder as to one conviction has no opportunity or responsibility to compare or ascertain whether the criminal episode involved in that conviction was the same criminal episode involved in any other conviction. In short, the comparison necessary to determine whether separately charged crimes arose out of the same criminal episode may involve the consideration of evidence that the factfinder had no responsibility to assess in deciding guilt as to the separate crimes.

Second, the Court in *Apprendi* left open the question whether the result in *Almendarez-Torres* would have differed if the defendant there had challenged the accuracy of a fact of conviction in the prior case. That distinction suggests that the Court was concerned about the reliability of the sources on which a sentencing court may rely in ascertaining the fact of a conviction in a prior case. That concern was a guiding force in *Shepard*, and we conclude that at least a plurality of

that Court would have rejected the state's argument that a separate criminal episode determination *categorically* falls within the scope of *Apprendi's* prior-conviction exception.[4]

■     We turn to the state's alternative argument that "*Shepard* appears to permit a sentencing court to engage in judicial factfinding and draw inferences 'about' a conviction so long as it limits its inquiry to the approved sources." Although the issue is one of first impression in Oregon, several courts have considered the issue in cases decided after *Shepard*. Although not controlling, the reasoning in those cases is instructive. Those cases have held that it is within the province of the sentencing court to determine the existence of a prior conviction, including whether crimes occurred on separate occasions, so long as the court limits its inquiry to approved sources.

In *U.S. v. Thompson*, 421 F3d 278 (4th Cir 2005), *cert den*, 547 US 1005, 126 S Ct 1463, 164 L Ed 2d 250 (2006), the defendant pleaded guilty and did not object to a presentence report indicating that he had 20 prior convictions. However, the defendant did object to being sentenced as a career offender, arguing that the Sixth Amendment required a jury finding beyond a reasonable doubt that the crimes underlying those convictions occurred on different occasions and constituted violent felonies. The Fourth Circuit explained:

"The Sixth Amendment requires that facts necessary for a given sentence (other than a prior conviction) be found by a jury. But *Blakely*, [*United States v.*] *Booker*, [543 US 220,

---

[4] In *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), the Oregon Supreme Court held that "[p]ersistent involvement in similar offenses presents a factual issue that, under *Apprendi* and *Blakely*, a defendant may insist that a jury find beyond a reasonable doubt." (Internal quotation marks omitted.) As a foundation for that holding, the court stated:

"If, as the plurality explained in *Shepard*, the prior conviction exception includes only those facts that the conviction itself or the judicial record conclusively establishes, then it does not include inferences, such as persistent involvement in similar offenses, that a trier of fact may draw from a series of prior convictions."

*Id.* Although a "persistent involvement" determination involves different considerations from a "same criminal episode" determination, we conclude that, for the reasons explained above, the court would rely on the same understanding of *Shepard* to reject the state's argument that a "same criminal episode" determination *categorically* falls within the fact of a prior conviction exception.

125 S Ct 738, 160 L Ed 2d 621 (2005)], and *Shepard* do not, of course, transmogrify what have always been questions of law into questions of fact."

*Thompson*, 421 F3d at 285. The court reasoned that "[t]here is no occasion to persuade the jury * * * unless there is a disputed question of fact extraneous to [the defendant's] prior convictions." *Id.* *Shepard*, the court stated, "prohibited judges from resolving a disputed fact * * * about a prior conviction, if doing so required data * * * that was not inherent in that prior conviction." *Thompson*, 421 F3d at 281 (internal quotation marks and citations omitted; ellipses in original). In *Thompson*, the record showed that the defendant had 20 convictions embodied in three judgments entered in two separate jurisdictions over a three-year period. From that record, the court concluded that the defendant had at least three prior convictions occurring on separate occasions. In defense of its authority to make that determination, the court explained, "The line between facts that are inherent in a conviction and facts that are about a conviction is a common-sensical one, and there is no way that our conclusion as to the separateness of the occasions here can be seen to represent impermissible judicial factfinding." *Id.* at 285.

The Tenth Circuit reached the same conclusion in *U.S. v. Harris*, 447 F3d 1300 (2006). In that case, the defendant pleaded guilty but objected at sentencing to having the court, rather than a jury, determine whether his prior convictions were committed on separate occasions. The court held that the sentencing court was authorized to make the requisite determination based on a constitutionally adequate record that included a presentence report containing facts to which the defendant did not object. *Id.* at 1305. Relying on the reasoning in *Thompson*, the Tenth Circuit concluded:

"[T]he separateness of prior crimes is inherent in the fact of conviction. The time, place, and substance of the prior convictions can ordinarily be ascertained from court records associated with those convictions, and the Supreme Court has held that the Constitution allows sentencing courts to rely on such records to make findings about prior convictions. *Shepard*[, 544 US at 16]. Like the number of prior crimes and whether they are violent felonies, separateness

is an 'inquiry intimately related to whether a prior conviction exists.' *See [U.S.] v. Moore*, 401 F3d 1220, 1225 (10th Cir 2005). Therefore, separateness falls within the prior crimes exception."

*Harris*, 447 F3d at 1304. The court divided the analysis into two questions: Was the sentencing judge authorized to make a determination about the separateness of prior convictions, and was there constitutionally adequate evidence in the record to establish the separateness of those convictions? *Id.* at 1303, 1305, 1307.

We find persuasive the reasoning of *Thompson* and *Harris*, and we conclude that they are consistent with *Shepard*. The conclusion of "separateness" is a traditional factor considered by a court at sentencing that does not implicate the requirements of *Apprendi* and *Blakely*, unless it requires factfinding beyond a determination of what is in the court records. *See Harris*, 447 F3d at 1304-06.[5]

■    With respect to six of the seven offenses at issue, defendant admitted committing the offenses on different dates from the offense in Count 9, which defendant admitted committing "on or between November 1, 2003, and November 30, 2003." By admitting that those six offenses occurred on different dates from the offense alleged in Count 9—each more than 30 days apart from the date range alleged in Count 9—defendant admitted sufficient facts to establish that those offenses involved separate criminal episodes from Count 9. *See, e.g., State v. Koch*, 169 Or App 223, 226, 7 P3d 769 (2000) (offenses occurring on different dates did not arise from the same criminal episode for purposes of imposing consecutive sentences); *State v. Smith*, 95 Or App 683, 687, 770 P2d 950, *rev den*, 308 Or 158 (1989) (offenses committed on

---

[5] After *Shepard* was decided, other courts have come to the same conclusion. *See, e.g., U.S. v. Jones,* 453 F3d 777, 780 (6th Cir), *cert den,* _____ US _____ , 127 S Ct 611, 166 L Ed 2d 453 (2006) (holding that a criminal complaint "is a type of record that a district court can properly rely on in determining the nature of predicate offenses, consistent with the standards of *Shepard*"); *U.S. v. Taylor,* 413 F3d 1146, 1157-58 (10th Cir 2005) (remanding for determination, in light of approved sources, whether predicate offenses arose from same occasion); *U.S. v. Ngo,* 406 F3d 839, 842 (7th Cir 2005) (District Court may rely only on "those findings traceable to a prior judicial record of conclusive significance" to determine whether prior convictions are related to one another); *People v. Nunn,* 148 P3d 222, 227 (Colo App 2006).

different dates did not arise from the same criminal episode for purposes of double jeopardy protection). With respect to the seventh offense, Count 20, charging identity theft, the indictment alleged a date range—"on or between August 1, 2003, and February 24, 2004"—that overlapped the date range for Count 9.[6] However, assuming without deciding that Count 9 could not qualify as a "prior" offense to Count 20 because there was no constitutionally adequate record to demonstrate that those offenses arose from separate criminal episodes, any error was harmless, because defendant's sentence on that count was imposed concurrently with all other repeat property offender sentences that the court imposed.

Affirmed.

---

[6] The corrected judgment, however, singled out a date—August 1, 2003—for the commission of Count 20, that falls before the date range of the predicate offense.