Submitted February 26, reversed and remanded for resentencing, otherwise
affirmed November 4, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN LEE NESBIT,
*Defendant-Appellant.*

Multnomah County Circuit Court
120934165; A154660

361 P3d 649

Peter Gartlan, Chief Defender, and Ingrid A. MacFarlane,
Deputy Public Defender, Office of Public Defense Services,
filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce,
Solicitor General, and Sarah M. Villanueva, Assistant
Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge,
and Flynn, Judge.

FLYNN, J.

**FLYNN, J.**

Defendant appeals from a judgment imposing enhanced sentences for two of three counts of aggravated theft in the first degree, ORS 164.057, following his plea of no contest to an indictment charging three counts of aggravated theft in the first degree. The trial court sentenced defendant to probation on Count 1 and then counted the conviction on Count 1 as a previous conviction to support the enhanced sentences on Counts 2 and 3. *See* ORS 137.717(1)(a)(A) (2009).[1] We conclude that the state failed to meet its burden to prove that the three counts of aggravated theft arose out of separate criminal episodes, and, thus, that the state failed to prove that the conviction on Count 1 was a previous conviction for purposes of his sentences on the other counts. Accordingly, we reverse and remand for resentencing.

The state bears the burden of proving by a preponderance of evidence that defendant's conviction on Count 1 qualifies as a "previous conviction." *See* ORS 137.079(5)(c); ORS 137.717(8).[2] The parties agree that the conviction on Count 1 could serve as a "previous conviction" for purposes of enhancing defendant's sentence on the other aggravated theft convictions, unless the later convictions arose out of the "same conduct or criminal episode" as Count 1. *See* ORS 137.717(4)(a) (2009);[3] *State v. Mallory*, 213 Or App 392,

---

[1] The version of ORS 137.717 applicable to defendant's sentencing provided in relevant part:

"(1) When a court sentences a person convicted of:

"(a) Aggravated theft in the first degree under ORS 164.057 ***, the presumptive sentence is 19 months of incarceration *** if the person has:

"(A) A previous conviction for aggravated theft in the first degree under ORS 164.057 ***."

The language of the current version of ORS 137.717(1)(a)(A) is not materially different except for the length of presumptive sentence of incarceration.

[2] ORS 137.717(8) provides that "previous convictions must be proven pursuant to ORS 137.079." ORS 137.079(5)(c), in turn, provides that the "state shall have the burden of proving by a preponderance of evidence any disputed part of the defendant's criminal history."

[3] ORS 137.717(4)(a) (2009) provided, in part:

"[A] conviction is considered to have occurred upon the pronouncement of sentence in open court. However, when sentences are imposed for two or more convictions arising out of the same conduct or criminal episode, none

395-96, 162 P3d 297 (2007), *rev den*, 344 Or 110 (2008) (explaining what constitutes a previous conviction). The only issue in dispute is whether the trial court correctly determined that defendant's "acceptance of checks during a different time period, is a separate criminal act and a separate episode."

Whether conduct giving rise to convictions constitutes a single criminal episode is a question of law, although the answer to that question "may depend on predicate findings of historical fact." *State v. Potter*, 236 Or App 74, 82, 234 P3d 1073 (2010). Here, the historical facts presented by the record are not in dispute. Defendant was charged with three counts of aggravated theft in the first degree. For each count, the indictment alleged that defendant stole at least $10,000 from 21st Century Pacific Insurance Company (21st Century) during a distinct date range: for Count 1, between June 8, 2010 and September 20, 2010; for Count 2, between October 21, 2010 and January 18, 2011; and for Count 3, between February 4, 2011 and June 10, 2011. Defendant pleaded no contest and stipulated that the state could put on evidence to prove each of the charges beyond a reasonable doubt.

At defendant's sentencing hearing, the state explained, as background for the charges, that defendant filed a false claim for benefits with 21st Century for wage loss caused by an injury and that, as a result of the false claim, defendant received checks between June 8, 2010 and June 10, 2011. The state explained that it elected to charge defendant with separate counts for the thefts based on his depositing of the checks, rather than with the single count of filing a false insurance claim. The state also chose to aggregate the thefts by date ranges during which the total value of stolen property exceeded $10,000, thus producing three separate counts of aggravated theft.[4] Once the court

of the conviction is considered to have occurred prior to any of the other convictions[.]"

The quoted text now appears at ORS 137.717(7)(a).

[4] Aggravated theft in the first degree is "theft," as described in ORS 164.015, of property worth more than $10,000. ORS 164.057. There is no dispute that the state was authorized to aggregate defendant's thefts to reach $10,000, pursuant to ORS 164.115(6), which provides, in pertinent part:

pronounced the sentence on Count 1, it applied that "previous conviction" to enhance defendant's sentence for the other convictions because of its determination that the later convictions did not arise out of the same "criminal episode" as the first.

In the context of sentencing for multiple convictions in a single proceeding, we have applied the same meaning of "criminal episode" that we use to determine whether crimes are part of the same criminal episode for purposes of double jeopardy. *State v. Witherspoon*, 250 Or App 316, 321-22, 280 P3d 1004 (2012) (whether a conviction from the same proceeding is a different criminal episode that can be included in the defendant's criminal history score for purposes of sentencing "turns on whether, in accordance with double jeopardy principles, the counts had to be prosecuted together"). We have also pointed to the Supreme Court's emphasis that the phrase "criminal episode" is synonymous with the phrase "same act or transaction," a phrase that means the acts giving rise to the convictions are "'so closely linked in time, place, and circumstance that a complete account of one charge cannot be related without relating details of the other charge.'" *Mallory*, 213 Or App at 401-02 (quoting *State v. Fitzgerald*, 267 Or 266, 273, 516 P2d 1280 (1973)).

On appeal, the state argues only that defendant's stipulation that the state could prove the three offenses as alleged is proof that the offenses did not arise from the same criminal episode. The state relies on *Mallory*, in which we held that, by pleading guilty to multiple counts alleging theft and identity theft committed on different dates, the defendant admitted sufficient facts to establish that those offenses involved separate criminal episodes. 213 Or App at 405. Here, too, defendant's plea and stipulation establish that he committed three separate theft offenses during different date ranges, each separated by approximately one month. The indictment did not allege, however, that the

---

"The value of single theft transactions may be added together if the thefts were committed:

"* * * * *

"(b) Against the same victim, or two or more persons who are joint owners, within a 180-day period."

separate theft offenses were part of separate "criminal episodes," and *Mallory* does not hold that offenses occurring on different dates are necessarily part of separate criminal episodes.[5]

Unlike *Mallory,* the record here contains additional information about the nature of the defendant's thefts, which must be considered in determining whether defendant's separate offenses were part of the same criminal episode. Specifically, the state explained at defendant's sentencing hearing that its theory for all of the thefts resulted from the initial false claim for wage loss:

> "[I]t's a single claim. But spinning off of that claim are a number of payments that are made, pursuant to the initial filing. And his receipt of that money, cashing the checks, keeping the money, is a separate theft along the way."

Given that additional detail regarding the criminal activity, defendant contends, the conduct giving rise to the three counts of aggravated theft was part of the same criminal episode. We need not decide, however, whether the convictions were affirmatively part of the same criminal episode. Because the state bore the burden to prove that Count 1 could be treated as a previous conviction, the question is whether the state proved that the three crimes were *not* part of the same criminal episode. *See* ORS 137.079(5)(c).

The first step in the analytical sequence by which we determine whether crimes arise from the same criminal episode requires us to consider "whether 'a complete account of one [crime] *necessarily* includes details of the other' or, framed another way, whether the crimes are 'cross-related.'" *Witherspoon,* 250 Or App at 322 (quoting *Potter,* 236 Or App at 82-83; *State v. Boyd,* 271 Or 558, 566, 533 P2d 795 (1975)) (emphasis in *Potter*). It is at this step that the record prevents us from determining that the state proved that the conviction on Count 1 was a "previous conviction." Beyond the state's explanation that 21st Century made payments "pursuant to" defendant's initial filing of "a single claim,"

---

[5] The language of the indictment, here, distinguishes this case from cases like *State v. Yarbor,* 133 Or App 360, 363, 891 P2d 703, *rev den,* 321 Or 513 (1995), in which the indictment to which the defendant pleaded guilty "specifically alleged that each crime was 'part of a separate act and transaction.'"

the record included the presentence investigation (PSI) report that provides no meaningful additional detail.[6]

Although the indictment does not specify the legal theory of theft on which the charges are based, the factual basis described by the state would appear to constitute "theft by receiving," which can be committed when a person obtains property of another by "[f]ail[ing] to correct a false impression that the person previously created or confirmed." ORS 164.085(1)(b). If that were the theory of theft, then a complete account of why defendant committed theft each time he deposited one of the insurance checks issued to him would *necessarily* include the detail that 21st Century issued the check pursuant to defendant's initial false claim for benefits. Thus, although additional details about the state's theory of theft or acts of the crimes might convince us to reach a different conclusion, on the record before us, we cannot determine affirmatively that three counts of aggravated theft in the first degree could have been tried separately without violating double jeopardy principles.[7] For that reason, the state did not prove that defendant's conviction on Count 1 was a "previous conviction" for purposes of sentencing on Counts 2 and 3. The trial court therefore erred in determining that defendant's conviction on Count 1 gave rise to an enhanced sentence on the other counts.

Reversed and remanded for resentencing; otherwise affirmed.

---

[6] The PSI recites that defendant claimed he was injured in a hit-and-run motor vehicle accident and that his injuries prevented him from working at his job at a business he claimed was called Northwest Truck and Rental. However, no business existed at the reported business address. As a result of the claim, 21st Century "paid $35,023.77 in lost wages to [defendant] during the time period of June 8, 2010 and May 20, 2011. All of the payments received by the defendant were deposited into his account at the Bank of America."

[7] For example, evidence that the checks issued to defendant reflected some sort of ongoing representation that he remained unable to perform his claimed employment, rather than a fixed-duration benefit divided into periodic payments might suggest that the charged conduct did *not* arise out of a single criminal episode.