Submitted October 23, 2015, affirmed May 11, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VERA ANDREYEVNA SPYNU,
*Defendant-Appellant.*

Multnomah County Circuit Court
130632590; A156548

372 P3d 622

Peter Gartlan, Chief Defender, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

**LAGESEN, J.**

Defendant appeals a judgment of conviction for 18 counts of theft and making false health care claims, challenging the sentences imposed. She assigns error to the trial court's determination that the repeat property offender sentencing statute, ORS 137.717, allowed the court to impose enhanced sentences on eight of defendant's 10 theft convictions. Specifically, defendant contends that the trial court erred in determining that defendant's theft convictions did not all arise out of the "same conduct or criminal episode," thereby permitting the court to use defendant's convictions on the first two theft convictions to enhance her sentences on the remaining eight theft convictions. We disagree and affirm.

Defendant was convicted of seven counts (Counts 1, 3, 5, 7, 13, 15, 17) of making a false claim for a health care payment, in violation of ORS 165.692; one count (Count 6) of aggravated first-degree theft, in violation of ORS 164.057; and 10 counts (Counts 2, 4, 8, 9, 10, 11, 12, 14, 16, 18) of first-degree theft, in violation of ORS 164.055. Defendant's convictions arose from her work as a home health care worker for her mother. Specifically, over the course of approximately 18 months, defendant submitted multiple vouchers to the Department of Human Services (DHS) for payment for home health care services, as well as for the payment of health insurance premiums on defendant's behalf. Those vouchers falsely represented the nature and extent of the services that defendant was providing for her mother. DHS, unaware of defendant's false claims, paid defendant for her services and paid health insurance premiums on defendant's behalf until an investigation uncovered defendant's fraud.

In sentencing defendant, the trial court applied ORS 137.717, which provides for an enhanced sentence for a repeat property offender, when determining defendant's sentences on all theft convictions except for those on the first two, Counts 2 and 4. The court determined that Counts 2 and 4 were not a part of the same criminal episode as the subsequent theft counts and, therefore, qualified as "prior" convictions that could be used to enhance defendant's sentence

on the subsequent theft counts under ORS 137.717(1)(a)(B), and ORS 137.717(1)(b)(B). ORS 137.717(7)(a).[1]

On appeal, defendant contends that all of her crimes were committed as part of a continuous and uninterrupted course of conduct in furtherance of a single criminal objective and that the trial court therefore erred by concluding that her convictions on Counts 2 and 4 could be used to enhance her sentences on the subsequent theft convictions. In response, the state asserts that defendant did not preserve her argument and that, even if she did, the court properly concluded that defendant's convictions were not all a part of the same criminal episode. We review the trial court's application of ORS 137.717 for legal error, accepting its related factual findings if they are supported by the evidence. *See State v. Nesbit*, 274 Or App 694, 695-96, 361 P3d 649 (2015).

We disagree that defendant did not preserve her argument on appeal; she made much the same argument to the trial court, albeit without the same level of precision with which she has formulated it on appeal. However, we reject defendant's argument on the merits.

As we recently reiterated, whether particular convictions are considered to be part of the same criminal episode for purposes of ORS 137.717 turns on whether "the acts giving rise to the convictions are so closely linked in time, place, and circumstance that a complete account of one charge cannot be related without relating the details of the other charge." *Nesbit*, 274 Or App at 697 (internal citation and quotation marks omitted); *State v. Mallory*, 213 Or App 392, 395-96, 162 P3d 297 (2007), *rev den*, 344 Or 110 (2008). Thus, for example, in *Nesbit*, we held that the trial court erred in determining that the crimes at issue were not part of the same criminal episode for the purposes of

---

[1] ORS 137.717(7)(a) states:

"For a crime committed on or after November 1, 1989, a conviction is considered to have occurred upon the pronouncement of sentence in open court. However, when sentences are imposed for two or more convictions arising out of the same conduct or criminal episode, none of the convictions is considered to have occurred prior to any of the other convictions arising out of the same conduct or criminal episode."

ORS 137.717 where the evidence in the record indicated that the defendant had filed a single false claim for insurance benefits that resulted in multiple separate payments to the defendant. We reasoned that, under those circumstances, a complete account of each separate theft would appear to require proof of the defendant's initial single false claim. *Id.* at 699.

Here, by contrast, the record supports the trial court's conclusion that defendant's theft convictions do not have the type of close relationship that appeared to be present in *Nesbit.* Specifically, the trial record indicates that each theft resulted from defendant's act of submitting distinct false vouchers at distinct times and accepting distinct payments and benefits on those vouchers. To be sure, given the repetitive nature of defendant's crimes, and the fact that they arose in the context of defendant's family, if the theft charges had been tried separately, the separate trials undoubtedly would have involved some overlapping evidence. Nevertheless, a "complete account" of any single one of the theft charges could be related without relating the details of the other charges, given that each theft charge was based on a distinct voucher or set of vouchers, and distinct payments made in connection with those vouchers. For that reason, the trial court properly applied ORS 137.717 to enhance defendant's sentences for theft.

Affirmed.