Submitted June 21, 2016, remanded for sentencing; otherwise affirmed
July 6, 2017

STATE OF OREGON,
*Plaintiff-Respondent*

*v.*

ANGELA MALOWE WATKINS-McKENZIE,
*Defendant-Appellant.*

Multnomah County Circuit Court
14CR05521; A158912

400 P3d 1012

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## LAGESEN, J.

Defendant, who was convicted of five counts of first-degree aggravated theft, ORS 164.057, and sentenced under ORS 137.717, the repeat property offender sentencing statute, seeks review of her sentence. She contends that the trial court erroneously understood the scope of its authority under ORS 137.717 in two ways: (1) in concluding that ORS 137.717 precluded the court from imposing downward departure sentences on other convictions once it had imposed one downward departure sentence in the same case; and (2) in concluding that it lacked discretion to elect the particular count on which it downwardly departed. We review the trial court's interpretation and application of ORS 137.717 for legal error and conclude that, although the trial court correctly determined that it lacked the authority to downwardly depart more than once, it erred when it determined that it lacked discretion to elect the count on which it downwardly departed. We therefore remand for resentencing but otherwise affirm.

The relevant facts are procedural and not disputed. Defendant, who had no prior criminal convictions before this case, pleaded guilty to five counts of first-degree aggravated theft for several thefts from her employer that she committed over the course of a year and a half. On Count 1, the trial court sentenced defendant under the sentencing guidelines to probation, with an upward durational departure to 60 months. That conviction, in turn, triggered the application of ORS 137.717 for the purpose of sentencing defendant on the remaining counts. For each conviction to which it applies, that statute requires a sentencing court to impose the longer of the presumptive guidelines sentence and the presumptive statutory sentence. ORS 137.717(1)(a). The statute permits a sentencing court to impose a downward departure sentence, but only if the offender "has not previously received a downward departure from a presumptive sentence for a crime listed in subsection (1) of this section." ORS 137.717(6)(b). The court applied the statute to sentence defendant on Count 2, determining that the presumptive sentence under ORS 137.717 was longer than the presumptive sentence under the sentencing guidelines. It therefore sentenced defendant under ORS 137.717, downwardly departing dispositionally

to impose a term of probation, but upwardly departing durationally to extend that probationary term to 60 months. With respect to the remaining counts, the court sentenced defendant to the following terms of incarceration provided for in ORS 137.717 after determining that those terms of incarceration were longer than the presumptive sentences under the guidelines:

- Count 3: 26 months' imprisonment.
- Count 4: 28 months' imprisonment.
- Count 5: 30 months' imprisonment.

The sentencing court ordered each of defendant's sentences to run concurrently, for an aggregate sentence of 30 months' imprisonment and 60 months' probation.

At sentencing, defendant urged the trial court to impose downward departure sentences on all counts. The trial court ruled that ORS 137.717(6)(b) precluded it from doing so once it had downwardly departed on any single count. Defendant also requested, in the alternative, that if the court's authority was limited to a single downward departure, that the court downwardly depart with respect to the sentence on Count 5, rather than on the earlier counts. The court ruled that it lacked the authority to do so.

On appeal, defendant challenges each of those conclusions: (1) that ORS 137.717(6)(b) precluded the court from imposing downward departure sentences on all counts; and (2) that ORS 137.717 precluded the court from electing the count on which to grant a downward departure. In response, the state argues (1) that ORS 138.222(2)(a) bars review of defendant's claims of error; and (2) that the trial court correctly concluded that ORS 137.717(6)(b) precluded it from imposing a downward departure sentence on more than one count. The state concedes, however, that if defendant's claims of error are reviewable, the trial court erred when it concluded that ORS 137.717 precluded it from electing on which count to downwardly depart. We conclude that defendant's claims of error are reviewable, that ORS 137.717(6)(b) barred the court from downwardly departing on more than one count to which ORS 137.717 applied, and that the state's concession is well taken. We therefore remand for

resentencing so that the trial court can exercise its discretion to determine whether to downwardly depart on a different count.

We start with reviewability. ORS 138.222(2)(a) states that an appellate court "may not review * * * [a]ny sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission." Pointing to that provision, the state argues that defendant's claims of sentencing error are not reviewable because her "challenge pertains to presumptive sentences * * * imposed under ORS 137.717, which expressly provides that the prescribed prison sentence is a 'presumptive sentence.'" In support of its claim that a statutory presumptive sentence is a presumptive sentence under the guidelines, the state points out that the sentencing guidelines definition of "presumptive sentence" purports to cover any sentence "designated as a presumptive sentence by statute." OAR 213-003-0001(16). That definition, according to the state, makes the statutory presumptive sentence in ORS 137.717 a presumptive sentence "for all purposes in the guidelines, just as if it were prescribed in the guidelines."

That is the precise argument rejected by the Supreme Court in *State v. Althouse*, 359 Or 668, 676, 375 P3d 475 (2016), decided after the state filed its brief in this matter. There, the court explained that statutory presumptive sentences do not fall within the scope of ORS 138.222(2)(a):

> "Read in the context of the larger bill of which it was a part, the phrase in ORS 138.222(2)(a)—'[a]ny sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission'—can have only one referent: The phrase refers to a sentence that comes within the range of presumptive sentences prescribed by a sentencing guidelines grid block."

*Id.* at 676 (brackets in original). The state's argument fails for that reason.[1]

---

[1] Regardless, we note that defendant's particular claims of sentencing error are reviewable under ORS 138.222(4)(a). As we have explained, ORS 138.222(4)(a) "permits this court to review a sentencing issue when the sentence that was imposed was an authorized sentence, but the trial court is asserted to have erroneously determined that the defendant was not eligible for a different, also authorized, sentence." *State v. Arnold*, 214 Or App 201, 212, 164 P3d 334 (2007). That is

Turning to the merits, defendant's claims of error require us to determine the legislature's intent in enacting the pertinent provisions of ORS 137.717. [2] To do so, we examine the text of the statute in context, *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), including other provisions

---

the type of sentencing issue raised by defendant's two claims of error. *See State v. Brewer*, 260 Or App 607, 608, 320 P3d 620, *rev den*, 355 Or 380 (2014) (reviewing under ORS 138.222(4)(a) defendant's claim in felony plea case that trial court erroneously determined that defendant was not eligible for a downward departure sentence).

[2] That statute provides, in part, as follows:

"(1) When a court sentences a person convicted of:

"(a) Aggravated theft in the first degree under ORS 164.057 *** the presumptive sentence is 24 months of incarceration, unless the rules of the Oregon Criminal Justice Commission prescribe a longer presumptive sentence, if the person has:

"(A) A previous conviction for aggravated theft in the first degree under ORS 164.057, ***;

"*****

"(3)(a) A presumptive sentence described in subsection (1) of this section shall be increased by two months for each previous conviction the person has that:

"(A) Was for any of the crimes listed in subsection (1) or (2) of this section; and

"(B) Was not used as a predicate for the presumptive sentence described in subsection (1) of this section.

"*****

"(6) The court shall sentence a person under this section to at least the presumptive sentence described in subsection (1) or (3) of this section, unless the parties stipulate otherwise or the court finds that:

"(a) The person was not on probation, parole or post-prison supervision for a crime listed in subsection (1) of this section at the time of the commission of the current crime of conviction;

"(b) The person has not previously received a downward departure from a presumptive sentence for a crime listed in subsection (1) of this section;

"*****

"(7)(a) For a crime committed on or after November 1, 1989, a conviction is considered to have occurred upon the pronouncement of sentence in open court. However, when sentences are imposed for two or more convictions arising out of the same conduct or criminal episode, none of the convictions is considered to have occurred prior to any of the other convictions arising out of the same conduct or criminal episode.

"*****

"(9) As used in this section:

"(a) 'Downward departure' means a downward dispositional departure or a downward durational departure under the rules of the Oregon Criminal Justice Commission."

of the statute at issue and any judicial interpretations of the provision. *State v. Toevs*, 327 Or 525, 532, 964 P2d 1007 (1998); *Stoltz v. Liberty Northwest Ins. Corp.*, 284 Or App 575, 579, 393 P3d 239 (2017).

Defendant's first claim of error centers on what it means to "previously receive[]" a downward departure under ORS 137.717(6)(b). Defendant argues that a person convicted of a crime "receives" a downward durational departure at the time the defendant is delivered into Department of Corrections custody and the court loses authority over sentencing.[3] Thus, defendant reasons, in effect, that a person has not "previously received" a downward durational departure for purposes of ORS 137.717(6) unless it was imposed in a previous proceeding, such that the defendant has already started to serve a term of incarceration. As to downward dispositional departures, defendant acknowledges that such sentences are "received" when pronounced in court, but argues that they are not "previously received" for purpose of ORS 137.717(6) if the court states that the sentences will not begin to run until imposition of sentence on the last count in the case. According to defendant, that means that a sentencing court can grant multiple downward departures in the same proceeding, if the defendant is not already serving a downward departure sentence on an eligible conviction in the custody of department of corrections, and if the court structures any downward dispositional departure sentence so that it does not start to run until later.

In response, the state contends that for purposes of ORS 137.717, a defendant receives a sentence when it is pronounced in court, such that a downward departure sentence is "previously received" if it is pronounced earlier in time. In other words, in the state's view, once a defendant has received a downward departure sentence on a conviction that qualifies as a "previous conviction" for purposes of ORS 137.717, that person has "previously received" a downward

---

[3] Although defendant contends that a downward durational departure sentence is "received" when the defendant is delivered into the custody of the Department of Corrections, defendant takes the position that a downward dispositional departure sentence is received at the time that is pronounced in open court but is subject to being designated as being "received" at a different time by the sentencing court.

departure under ORS 137.717(6), even if that sentence is imposed in the same proceeding and the defendant has not yet started to serve that downward departure sentence.

Starting with the text of the statute, we acknowledge that, read by itself, it is ambiguous. "Previously received" could mean pronounced or imposed earlier in time, as the state argues, or it could have a different meaning, along the lines of the one advocated by defendant. For reasons that we explain below, reading that text in context, however, persuades us that the state's construction of the statute is the correct one.

As the state points out, other provisions of ORS 137.717 allow for sentence enhancements based on a "previous conviction." The statute states that a conviction occurs when the sentence is pronounced in open court. ORS 137.717(7)(a). And the case law construing ORS 137.717 establishes that a "previous conviction" is any conviction received earlier in time (that is, sentenced earlier in time), even in the same criminal proceeding, provided that that conviction resulted from a separate criminal episode. *State v. Mallory*, 213 Or App 392, 395-96, 162 P3d 297 (2007), *rev den*, 344 Or 110 (2008) (explaining what convictions constitute previous convictions under ORS 137.717). Thus, a conviction can serve as a "previous conviction," thereby forming the basis for sentence enhancements under ORS 137.717, when the court subsequently sentences that person for other crimes in the same sentencing proceeding. *See Mallory*, 213 Or App at 395-96.

That context favors the conclusion that the legislature likely intended a similar rule to apply in determining whether a defendant has "previously received" a downward departure. If a "previous conviction" for purposes ORS 137.717 is one that occurs when a sentence is pronounced in open court earlier in time (including in the same proceeding), it would give rise to an incongruity in the statute if we were to conclude that a "previously received" sentence means anything other than a sentence pronounced in open court earlier in time (including in the same proceeding). In other words, it would require us to infer that the legislature intended to employ two different conceptions of "previous"

within the same statute. Under defendant's view of the statute, an otherwise eligible conviction could later be counted as "previous" once sentence had been pronounced, but the sentence on that same conviction could not be counted as a "previously received" sentence until a later, different point in time, after the sentence was executed. However, we ordinarily assume that the legislature uses terms in a consistent manner throughout a statute, absent evidence to the contrary. *See, e.g., State v. Cloutier,* 351 Or 68, 99, 261 P3d 1234 (2011). Here, there is no such contrary evidence, even though it is clear to us that the legislature knows how to make explicit an intent that a defendant must have started to serve a sentence for that sentence to be a "previous" sentence for purposes of a sentencing enhancement.

ORS 137.719, another repeat offender sentencing statute, is illustrative. It authorizes a life sentence for certain repeat sex offenders who have been sentenced at least twice for felony sex crimes. However, in contrast with ORS 137.717, the legislature expressly stated that "[s]entences for two or more convictions that are imposed in the same proceeding are considered to be one sentence." ORS 137.719(3)(a). The legislature thus made clear its intention that simple earlier-in-time pronouncement was not sufficient to make a sentence count as a prior sentence for purposes of that statute. If the legislature intended an analogous rule with respect to ORS 137.717, we think it would have said so expressly. That is especially so in view of its express adoption of a rule that treats convictions sentenced earlier in time in the same proceeding as "previous convictions," provided that they arise out of separate criminal episodes.

We have reviewed the legislative history of ORS 137.717 and discovered nothing that further aids our analysis of the question at hand. Thus, in the absence of a more explicit directive from the legislature, we conclude that a sentence is "previously received" for purposes of ORS 137.717(6)(b) if it is imposed on a conviction that qualifies as a "previous conviction" for purposes of the same statute. Since the parties do not dispute that each of defendant's convictions was the result of separate criminal episodes, the trial court did not err when it concluded that ORS 137.717(6)(b) precluded

it from imposing downward departure sentences on any convictions sentenced after it imposed a downward departure sentence on Count 2.

Turning to defendant's second assignment of error, the state concedes that the trial court erred when it concluded that ORS 137.717 precluded it from electing which conviction on which to impose a downward departure sentence. That concession is well taken. Nothing in ORS 137.717 requires a trial court to depart on any conviction, much less require the sentencing court to grant a departure at the first available opportunity. In the absence of a previous disqualifying downward departure sentence, a trial court has the discretion whether to downwardly depart at all and to do so for any eligible conviction. In other words, the trial court in this case had the discretion not to impose downward departure sentences on any of Counts 1-4, and to impose a downward departure sentence on Count 5. We therefore vacate defendant's sentence and remand for the court to consider whether to downwardly depart on a count other than Count 2.

Remanded for resentencing; otherwise affirmed.