Submitted May 25, vacated and remanded for resentencing, otherwise affirmed July 12, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KALLAN MITCHEL HAMPTON,
*Defendant-Appellant.*

Lane County Circuit Court
21CR16507, 21CR20232, 21CR33295;
A176937 (Control), A176938, A176939
534 P3d 1116

In three criminal cases, defendant was convicted of a total of two counts of unauthorized use of a vehicle, ORS 164.135, and one count each of second-degree burglary, ORS 164.215, third-degree theft, ORS 164.043, and interfering with a peace officer, ORS 162.247. Defendant was sentenced in all three cases in a single sentencing hearing. In this consolidated appeal, defendant challenges the sentencing court's ruling that it lacked authority under ORS 137.717(6) to consider a downward departure from the presumptive repeat property offender (REPO) sentences. *Held*: The sentencing court misconstrued the phrase "a crime listed in subsection (1) of this section" in ORS 137.717(6). That phrase refers to the crimes subject to REPO sentencing that are listed by name in ORS 137.717 (1)(a), (b), and (c). As relevant to this appeal, it does not encompass crimes listed in ORS 137.717(2).

Vacated and remanded for resentencing; otherwise affirmed.

Karrie K. McIntyre, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Vacated and remanded for resentencing; otherwise affirmed.

**AOYAGI, P. J.**

In this consolidated appeal of three judgments, defendant raises a single assignment of error, challenging the sentencing court's ruling that it lacked authority under ORS 137.717(6) to consider a downward departure from the presumptive repeat property offender (REPO) sentences.[1] This case requires us to construe "a crime listed in subsection (1) of this section" in ORS 137.717(6)(a). As explained below, we agree with defendant that the court misconstrued ORS 137.717(6)(a), so we vacate and remand the judgments for resentencing.

Defendant pleaded guilty and was convicted of criminal charges in three separate cases. In case number 21CR16507, he was convicted of unauthorized use of a vehicle (UUV). In case number 21CR20232, he was convicted of second-degree burglary, third-degree theft, and interfering with a peace officer. In case number 21CR33295, he was convicted of UUV. Defendant was sentenced in all three cases in a single sentencing hearing.

The parties agreed at sentencing that defendant's three prior convictions for second-degree theft qualified him as a repeat property offender under ORS 137.717. The state recommended that defendant be given the presumptive REPO sentences in each case and that the sentences run consecutively. Defendant argued for a downward departure to probation, citing his particular circumstances, and maintaining that he met the criteria in ORS 137.717(6), which provides:

"The court shall sentence a person under this section to at least the presumptive sentence described in subsection (1)(a) or (b) or (3) of this section, unless the parties stipulate otherwise or the court finds that:

"(a)  The person was not on probation, parole or post-prison supervision for a crime listed in subsection (1) of this

---

[1] We generally have "no authority to review *** [a] sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission." ORS 138.105(8)(a)(A). However, that limitation does not apply to "presumptive sentences" under ORS 137.717. *See State v. Watkins-McKenzie*, 286 Or App 569, 572, 400 P3d 1012 (2017), *rev dismissed*, 363 Or 224 (2018). Defendant's claim of error is therefore reviewable.

section at the time of the commission of the current crime of conviction;

"(b)   The person has not previously received a downward departure from a presumptive sentence for a crime listed in subsection (1) of this section;

"(c)   The harm or loss caused by the crime is not greater than usual for that type of crime; and

"(d)   In consideration of the nature of the offense and the harm to the victim, a downward departure will:

"(A)   Increase public safety;

"(B)   Enhance the likelihood that the person will be rehabilitated; and

"(C)   Not unduly reduce the appropriate punishment."

The state did not respond to defendant's argument regarding ORS 137.717(6).

In sentencing defendant, the sentencing court explained that it lacked authority to depart downward from the presumptive REPO sentences, even if it might otherwise be inclined to do so, because ORS 137.717(6)(a) requires a "not on probation" finding and defendant was "on probation":

"Mr. Hampton, I would say a few things before I proceed forward with sentencing. First of all, your attorney argued some very compelling points about why you might be a good candidate for probation, namely that you haven't been to prison before, first of all. But—and you have had some life circumstances go on since you've been engaged in this criminal activity since April that might warrant you having a new perspective on how you address your addiction issues.

"But I am also confined by the Legislature and the laws that they put in place for these types of crimes. Specifically, the provisions that your attorney is citing regarding my ability to place you on a downward departure, meaning not [*sic*] probation, I think are limited because *I cannot find all factors that are required in order for the Court to impose a downward departure. Specifically, 6-A of 137.717 requires me to find that you are not on probation. You are actually on probation.* And then you also committed offenses while you were facing already new crimes.

"And you admitted the allegation of Aggravating Factors in Case No. 232 and 295. Therefore, I cannot receive that information and then make the finding that you would be eligible for probation.

"In your case, if I had leisure, I would probably do a combination of prison time and probation after you got out. But I don't think that I'm permitted to do that under Oregon law, based on the circumstances in your case."

(Emphasis added.)

The court proceeded to sentence defendant to 20 months in prison for UUV in case number 21CR16507; 24 months in prison for second-degree burglary (partially consecutive), 30 days in jail for third-degree theft, and 30 days in jail for interfering with a peace officer in case number 21CR20232; and 26 months in prison for UUV in case number 21CR33295. (The court also imposed terms of post-prison supervision that are not relevant on appeal.) The burglary sentence and the two UUV sentences were presumptive REPO sentences.

On appeal, defendant contends that the sentencing court committed legal error with respect to ORS 137.717(6) and its requirements for sentence reduction eligibility. Specifically, he argues that the court misconstrued ORS 137.717(6)(a), which requires a finding that "[t]he person was not on probation, parole or post-prison supervision *for a crime listed in subsection (1) of this section* at the time of the commission of the current crime of conviction[.]" (Emphasis added.) Defendant argues that second-degree theft, the crime for which he was on probation, is not a crime listed in ORS 137.717(1). The state counters that second-degree theft actually is a crime listed in ORS 137.717(1). Alternatively, the state argues that the sentencing court *also* found defendant ineligible based on ORS 137.717(6)(d) and that defendant, having not challenged that finding on appeal, loses in any event.

We address the latter issue first. We are unpersuaded that the sentencing court made a finding under ORS 137.717(6)(d). The court expressly identified ORS 137.717(6)(a) as the criterion that defendant could not meet, because it required a finding that defendant was "not on probation."

The court did not cite or quote any of the other criteria. Nonetheless, the state argues that the court implicitly made a finding under ORS 137.717(6)(d) when it stated, "And then you also committed offenses while you were facing already new crimes. And you admitted the allegation of Aggravating Factors in Case No. 232 and 295. Therefore, I cannot receive that information and then make the finding that you would be eligible for probation."

The difficulty with the state's argument is that it is not at all clear that those statements by the court refer to ORS 137.717(6)(d)—which requires findings regarding public safety, the likelihood of rehabilitation, and appropriate punishment—particularly given the court's next statement, that it would "probably do a combination of prison time and probation" if it had the authority. There is some possibility that the court intended to make a finding under ORS 137.717(6)(d), but we cannot infer such a finding on this record, given the ambiguity. We therefore assume for purposes of this appeal that the court relied solely on its express finding under ORS 137.717(6)(a).

We turn to the issue of ORS 137.717(6)(a). The parties' disagreement as to whether second-degree theft is a crime "listed in" ORS 137.717(1) presents a question of statutory construction. On questions of statutory construction, we seek to ascertain the intent of the legislature or the voters (whichever applies) by examining the disputed provision's text and context, as well as any helpful legislative history of which we are aware. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009); *see also State v. Actkinson*, 319 Or App 832, 838, 511 P3d 444, *rev den*, 379 Or 303 (2022) (explaining that, with regard to acts referred to the voters, the legislative history "consists of the materials publicly available to the voters—the measure itself, the ballot title, and the Voters' Pamphlet explanations of the measure, as well as contemporaneous media accounts" (internal quotation marks and brackets omitted)). Here, we begin and end with the text in context, as the parties have not identified, nor are we otherwise aware of, any useful legislative history.[2]

---

[2] ORS 137.717 has a somewhat complicated legislative history. It was originally enacted in 1996 and has been amended several times since then. *See* Or

The disputed text that we construe in this case is one of the requirements for sentence reduction eligibility under ORS 137.717(6): a finding that "[t]he person was not on probation, parole or post-prison supervision for *a crime listed in subsection (1) of this section* at the time of the commission of the current crime of conviction." ORS 137.717(6)(a) (emphasis added). The parties disagree on the meaning of "a crime listed in subsection (1)." To address which crimes are "listed in subsection (1)," it is necessary to set out the text of subsection (1) in full:

"(1)   When a court sentences a person convicted of:

"(a)   *Aggravated theft in the first degree under ORS 164.057, burglary in the first degree under ORS 164.225 or aggravated identity theft under ORS 165.803*, the presumptive sentence is 24 months of incarceration, unless the rules of the Oregon Criminal Justice Commission prescribe a longer presumptive sentence, if the person has:

"(A)   A previous conviction for aggravated theft in the first degree under ORS 164.057, burglary in the first degree under ORS 164.225, robbery in the third degree under ORS 164.395, robbery in the second degree under ORS 164.405, robbery in the first degree under ORS 164.415 or aggravated identity theft under ORS 165.803;

"(B)   Two or more previous convictions for any combination of the crimes listed in subsection (2) of this section; or

"(C)   A previous conviction for a crime listed in subsection (2) of this section, if the current crime of conviction was committed while the defendant was on supervision for the previous conviction or less than three years after the date the defendant completed the period of supervision for the previous conviction.

"(b)   *Unauthorized use of a vehicle under ORS 164.135, mail theft or receipt of stolen mail under ORS 164.162, burglary in the second degree under ORS 164.215, criminal*

---

Laws 1996, ch 3, § 1 (Spec Sess); Or Laws 1999, ch 1022, §§ 2, 4, 7; Or Laws 2001, ch 784, § 1; Or Laws 2007, ch 584, § 2; Or Laws 2008, ch 14, § 7 (Spec Sess); Or Laws 2009, ch 660, §§ 8, 11; Or Laws 2013, ch 649, § 5; Or Laws 2017, ch 673, § 5. The provision in ORS 137.717(6) was part of an act referred in 2008 to the voters, who adopted it, as discussed in *Actkinson*, 319 Or App at 838, 840-42.

*mischief in the first degree under ORS 164.365, computer crime under ORS 164.377, robbery in the third degree under ORS 164.395, forgery in the first degree under ORS 165.013, criminal possession of a forged instrument in the first degree under ORS 165.022, fraudulent use of a credit card under ORS 165.055 (4)(b), possession of a stolen vehicle under ORS 819.300 or trafficking in stolen vehicles under ORS 819.310*, the presumptive sentence is 18 months of incarceration, unless the rules of the Oregon Criminal Justice Commission prescribe a longer presumptive sentence, if the person has:

"(A)  A previous conviction for aggravated theft in the first degree under ORS 164.057, unauthorized use of a vehicle under ORS 164.135, burglary in the first degree under ORS 164.225, robbery in the third degree under ORS 164.395, robbery in the second degree under ORS 164.405, robbery in the first degree under ORS 164.415, possession of a stolen vehicle under ORS 819.300, trafficking in stolen vehicles under ORS 819.310 or aggravated identity theft under ORS 165.803;

"(B)  Two or more previous convictions for any combination of the crimes listed in subsection (2) of this section; or

"(C)  A previous conviction for a crime listed in subsection (2) of this section, if the current crime of conviction was committed while the defendant was on supervision for the previous conviction or less than three years after the date the defendant completed the period of supervision for the previous conviction.

"(c)  *Theft in the first degree under ORS 164.055 or identity theft under ORS 165.800*, the presumptive sentence is 13 months of incarceration, unless the rules of the Oregon Criminal Justice Commission prescribe a longer presumptive sentence, if the person has:

"(A)  A previous conviction for aggravated theft in the first degree under ORS 164.057, unauthorized use of a vehicle under ORS 164.135, burglary in the first degree under ORS 164.225, robbery in the second degree under ORS 164.405, robbery in the first degree under ORS 164.415, possession of a stolen vehicle under ORS 819.300, trafficking in stolen vehicles under ORS 819.310 or aggravated identity theft under ORS 165.803; or

"(B)   Four or more previous convictions for any combi-
nation of crimes listed in subsection (2) of this section."

ORS 137.717 (emphases added).

Defendant argues that "a crime listed in subsection
(1)" means the crimes to which ORS 137.717(1) applies, *i.e.*,
a crime for which a person may be sentenced as a repeat
property offender, as italicized above. Second-degree theft
is not such a crime. The state counters that "a crime listed
in subsection (1)" means any crime referenced directly or
indirectly in ORS 137.717(1), *i.e.*, the crimes for which a per-
son may be sentenced under ORS 137.717(1); the "previous
conviction" crimes identified in ORS 137.717(1)(a)(A), ORS
137.717(1)(b)(A), and ORS 137.717(1)(c)(A) (collectively the
"(A)" subparagraphs); and the "previous conviction" crimes
that are listed in ORS 137.717(2) and cross-referenced in
ORS 137.717(1)(a)(B), ORS 137.717(1)(a)(C), ORS 137.717
(1)(b)(B), ORS 137.717(1)(b)(C), and ORS 137.717(1)(c)(B) (col-
lectively the "(B)" and "(C)" subparagraphs). In other words,
in the state's view, a crime "listed in" ORS 137.717(1) means
any crime listed in ORS 137.717(1) or (2); thus, because
second-degree theft is listed in ORS 137.717(2), it is also
listed in ORS 137.717(1).[3]

Three aspects of the text in context particularly
persuade us that the legislature intended "a crime listed in
subsection (1)" to refer to the crimes italicized in the block
quote above.

First, if the legislature had intended for a person on
probation for a crime listed in subsection (2) to be ineligible
for a sentence reduction, it presumably would have said that
in ORS 137.717(6)(a). Instead, ORS 137.717(6)(a) refers only
to a crime "listed in subsection (1)." Moreover, ORS 137.717(1)
consistently describes the crimes listed in ORS 137.717(2) as
"the crimes listed in subsection (2) of this section." The only

---

[3] To use a specific example, a person convicted of mail theft, ORS 164.162,
is subject to the presumptive REPO sentence of 18 months of incarceration if the
person has "[t]wo or more previous convictions for any combination of the crimes
listed in subsection (2) of this section." ORS 137.717(1)(b)(B). The state would
read that provision to mean that any crime listed in subsection (2) is also listed
in subsection (1), because subsection (1) refers to previous convictions for crimes
listed in subsection (2).

apparent reason to "list" those crimes in a separate subsection is to facilitate distinguishing between crimes listed in subsection (1) and crimes listed in subsection (2).

Second, ORS 137.717(3) reinforces the distinction between the crimes listed in the two previous subsections. It provides for a two-month increase to the presumptive sentence described in ORS 137.717(1)(a) or (b) "for each previous conviction the person has that * * * [w]as for any of the crimes *listed in subsection (1) or (2) of this section*; and * * * [w]as not used as a predicate for the presumptive sentence described in subsection (1)(a) or (b) or this section." ORS 137.717(3) (emphasis added). The state's interpretation would require us to read "a crime listed in subsection (1) of this section," ORS 137.717(6)(a), to mean exactly the same thing as "the crimes listed in subsection (1) or (2) of this section," ORS 137.717(3). The language of ORS 137.717(3) strongly suggests that the legislature intended "a crime listed in subsection (1)" to mean something different from "the crimes listed in subsection (1) or (2)."

Third, another requirement to be eligible for sentence reduction under ORS 137.717(6) is a finding that "[t]he person has not previously received a downward departure from a presumptive sentence for a crime listed in subsection (1) of this section." ORS 137.717(6)(b). The only "listed" crimes for which a person could have previously received a downward departure from a presumptive sentence are the crimes to which presumptive REPO sentences apply, *i.e.*, the crimes italicized in the block quote above. ORS 137.717(6)(b) is therefore consistent with reading "a crime listed in subsection (1)" to mean the crimes subject to presumptive sentencing in ORS 137.717(1).

For those reasons, we construe "a crime listed in subsection (1) of this section" in ORS 137.717(6) to mean the crimes subject to REPO sentencing that are listed by name in ORS 137.717(1)(a), (b), and (c). Conversely, we construe it not to include crimes of previous conviction that qualify a person as a repeat property offender, whether named in the "(A)" subparagraphs or cross-referenced in the "(B)" and "(C)" subparagraphs. The subparagraph references to

previous convictions for "crimes listed in subsection (2)" do not import the crimes listed in subsection (2) into subsection (1), such that the crimes listed in subsection (2) become "a crime listed in subsection (1)." We acknowledge that the previous-conviction crimes named in the "(A)" subparagraphs in ORS 137.717(1) are more susceptible to being characterized as "listed in subsection (1)" than the previous-conviction crimes listed in ORS 137.717(2) and only cross-referenced in the "(B)" and "(C)" subparagraphs in ORS 137.717(1). However, for the reasons described, we are ultimately persuaded that the legislature intended a "crime listed in subsection (1)" to mean the crimes subject to REPO sentencing that are listed by name in ORS 137.717(1)(a), (b), and (c).[4]

It follows that defendant—who was on probation for second-degree theft—was "not on probation, parole or post-prison supervision for a crime listed in subsection (1) of this section at the time of the commission of the current crime of conviction." ORS 137.717(6)(a). The court therefore erred in concluding that defendant was ineligible based on ORS 137.717(6)(a), and we vacate and remand the judgments for resentencing. On remand, the court should consider the other requirements of ORS 137.717(6)—subparagraphs (b), (c), and (d)—on which it did not previously make findings.[5] We disagree with the state that we should address those other

---

[4] To the extent that defendant suggests that we could treat the previous-conviction crimes that are named differently from those that are cross-referenced, or that we need not resolve that issue in this opinion, we disagree. Given the structure of the statute, not addressing the previous-conviction crimes named in the "(A)" subparagraphs of ORS 137.717(1) would require incomplete statutory construction in a way that would compromise the integrity of our analysis. As an aside, we observe that, at present, only two previous-conviction crimes—first-degree robbery and second-degree robbery—appear exclusively in the "(A)" subparagraphs.

[5] The state points out that, if defendant is found eligible for a sentence reduction under ORS 137.717(6), the sentencing court may impose a downward departure sentence for only *one* of his convictions. *See* ORS 137.717(6)(b) (requiring a finding that "[t]he person has not previously received a downward departure from a presumptive sentence for a crime listed in subsection (1) of this section"); *Watkins-McKenzie*, 286 Or App at 576 (construing "previously received" in ORS 137.717(6)(b) to include a conviction arising from a separate criminal episode that was sentenced earlier in the same proceeding). Defendant's position on that point is unclear. If he disagrees, those arguments should be directed to the sentencing court.

requirements on appeal, rather than allowing the trial court to do so in the first instance.

Vacated and remanded for resentencing; otherwise affirmed.