No. 371　　　　　May 6, 2026　　　　　313

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TAMMY ELLEN DURAN,
*Defendant-Appellant.*

Yamhill County Circuit Court
23CR37352; A186500

Ladd J. Wiles, Judge.

Submitted March 13, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

LAGESEN, C. J.

Reversed and remanded for entry of an amended judgment; otherwise affirmed.

_____

  * Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction, entered pursuant to a guilty plea, for three counts of aggravated first-degree theft and three counts of first-degree theft. The court imposed two 36-month sentences, one 34-month sentence, and three 13-month sentences, to run concurrently, for a total of 36 months of imprisonment. We remand for entry of an amended judgment and otherwise affirm.

In her first assignment of error, defendant argues that the trial court erred by including a provision, which appeared for the first time in the judgment, providing that "[t]he court may increase the total amount owed by adding collection fees and other assessments. These fees and assessments may be added without further notice to the defendant and without further court order." The state concedes that it was error to include that language in the judgment under *State v. Martinez*, 347 Or App 273, ___ P3d ___ (2026) (trial court lacked statutory authority to impose "other assessments" for the first time in the judgment), and that the appropriate resolution is the deletion of the challenged terms. We accept the concession of error, reverse the portion of the judgment related to adding assessments to the total amount owed by defendant, and remand to the trial court for entry of a judgment deleting the terms "and other assessments" and "and assessments" from the judgment.

In her second assignment of error, defendant argues that the trial court erroneously concluded that it lacked authority to impose multiple downward departure sentences under ORS 137.717(6) in a single sentencing proceeding. The state argues, and defendant acknowledges, that her challenge is controlled by *State v. Watkins-McKenzie*, 286 Or App 569, 400 P3d 1012 (2017), *rev dismissed*, 363 Or 224 (2018), in which we construed the prerequisite for eligibility for a downward departure in ORS 137.717(6)(b)—that the person had not "previously received" a qualifying downward departure sentence—to include a conviction arising from a separate criminal episode that was sentenced earlier in the same proceeding. The trial court did not err by declining to impose more than one downward departure sentence.

Reversed and remanded for entry of an amended judgment; otherwise affirmed.